E-FILED
Wednesday, 19 January, 2005  04:16:29 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RAMADA FRANCHISE SYSTEMS, INC., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No. 3:04-cv-3248 |
| SHRI OHM CORPORATION., d/b/a SHREE OHM, INC., an Illinois corporation, JAY VIDYALANKAR, SHARAD DESAI, PAUL FEMMER, and RAJEN JHALA, individuals, | ) ) ) ) ) ) ) | Hon. Jeanne E. Scott<br><br>Mag. Byron G. Cudmore |
| Defendants. | ) | |

## MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS RAJEN JHALA, SHRI OHM CORPORATION D/B/A SHREE OHM, INC. AND JAY VIDYALANKAR

Plaintiff Ramada Worldwide Inc., formerly known as Ramada Franchise Systems, Inc. ("RWI"), by its attorneys, hereby respectfully moves the Court, pursuant to Federal Rule of Civil Procedure 55(b), to enter default judgment on its Complaint in favor of RWI and against defendants Rajen Jhala ("Jhala"), Shri Ohm Corporation d/b/a Shree Ohm, Inc. ("Shri Ohm"), and Jay Vidyalankar ("Vidyalankar") (collectively, "Defaulted Defendants") for their failure to answer or file a responsive pleading to RWI's Complaint within the time required by law.  A proposed Default Judgment Order is attached as Exhibit 1.  In support of its Motion, RWI relies on the Complaint filed in this matter, the Affidavit of Kathy Cox (attached hereto as Exhibit 2), and the Affidavit of Robin M. Spencer (attached hereto as Exhibit 3), and states as follows:

1.      On November 12, 2004, RWI filed its Complaint in this action, seeking damages from Defendants for their breaches of the License Agreement, Assignment and Assumption Agreement and Guaranties.  Defendants Jhala and Shri Ohm were served on November 22, 2004, and defendant Vidyalankar was served on December 2, 2004.

2.     On January 5, 2005, the Court entered default against defendants Jhala, Shri Ohm and Vidyalankar for their failure to appear, answer or otherwise plead in response to the Complaint. A true and correct copy of the January 5, 2005 Order of Default is in the Court's file as Document No. 17.

3.     On or about January 12, 1996, RWI entered into a License Agreement (the "License Agreement") with Shree Ohm, Inc. ("Shree") for the operation of a 120-room guest lodging facility located at 625 E. St. Joseph Street, Springfield, Illinois 62701, Site No. 7963 (the "Facility") for a 15-year term. Effective as of the date of the License Agreement, Vidyalankar, Sharad Desai and Paul Femmer provided RFS with a Guaranty of Shree's obligations under the License Agreement ("January 12, 1996 Guaranty"). On or about February 9, 2000, defendant Shri Ohm Corporation ("Shri Ohm") entered into an Assignment and Assumption Agreement (the "Assignment and Assumption Agreement") with Shree and RWI, whereby the License Agreement was assigned from Shree to Shri Ohm, as Licensee. Effective as of the date of the Assignment and Assumption Agreement, Jhala provided RWI with a Guaranty of Shri Ohm's obligations under the License Agreement and Assignment and Assumption Agreement ("February 9, 2000 Guaranty"). A true and correct copy of RWI's Complaint is in the Court's file for this case as Document No. 1. The License Agreement and Assignment and Assumption Agreement are attached as Exhibit A to RWI's Complaint, the January 12, 1996 Guaranty is attached as Exhibit B to RWI's Complaint, and the February 9, 2000 Guaranty is attached as Exhibit C to RWI's' Complaint. (See Compl., ¶¶ 12, 28, 24 and Exs. A-C thereto; see also Ex. 2, Ex. 2, Cox Aff., ¶¶ 3, 16, 19.)

4.     RWI's Complaint alleges that the Defendants breached the License Agreement, Assignment and Assumption Agreement and Guaranty Agreements in their operation of the

Facility. Specifically, RWI has alleged that Defendants breached the Agreements by failing to pay monthly fees due to RWI under the License Agreement ("Recurring Fees") and by failing four quality assurance ("QA") inspections conducted by RWI between September 2000 and July 2002, before further breaching the License Agreement by ceasing to operate the Facility as a Ramada guest lodging facility and by losing possession of the Facility to its lender, resulting in the premature termination of the Agreement more than eight years before the expiration of its term. By letter dated October 16, 2002, RWI acknowledged the termination the License Agreement, effective October 1, 2002, in accordance with its terms. (See Compl., ¶¶ 31-36 and Exs. D-F thereto; see also Ex. 2, Ex. 2, Cox Aff., ¶¶ 22-27.)

5. RWI's Complaint seeks damages as compensation for Defendants' breaches of the License Agreement, Assignment and Assumption Agreement and Guaranty Agreements, and an award of its attorneys' fees and costs, as further discussed below.

### Recurring Fees

6. Pursuant to section 7 and Schedule C of the License Agreement, Assignment and Assumption Agreement and Guaranty Agreements, Defendants were required to pay Recurring Fees, with interest, to RWI as provided in the License Agreement. (Compl., ¶ 17; Ex. 2, Cox Aff., ¶ 8.) Interest is calculated at the rate of 1.5% monthly, per days in the month, on items that are over thirty days past due. Interest is not calculated on finance charges or accruals. (Ex. 2, Cox Aff., ¶¶ 11, 31.) To date, Defendants have failed to pay RWI any of the Recurring Fees that were due at the date of termination. (Compl., ¶¶ 52, 56, 60; Ex. 2, Cox Aff., ¶ 32.) RWI therefore is entitled to an award of damages of Recurring Fees, with interest, in the current amount of $130,140.95 from Defendants Jhala and Vidyalankar, and RWI is entitled to an award of damages of Recurring Fees, with interest, in the current amount of $62,297.01 from Defendant Shri Ohm. (Ex. 2, Cox Aff., ¶¶ 29-30 and Exhibits A and B thereto.)

3

## Liquidated Damages

7. Additionally, pursuant to sections 12.1 and 18.4 of the License Agreement, the premature termination of the License Agreement more than eight years before its term was to expire obligates the Defendants to pay damages to RWI. (Compl., ¶¶ 20-22; Ex. 2, Cox Aff., ¶¶ 13-14.) RWI therefore is entitled to an award of damages in the amount of $120,000.00, plus interest in the amount of $46,800.00 (calculated at the legal rate of 1.5% per month from November 1, 2002, to January 19, 2005) from the Defaulted Defendants. (Ex. 2, Cox Aff., ¶¶ 33-35.)

## Attorneys' Fees and Costs

8. Pursuant to section 17.4 of the License Agreement, Assignment and Assumption Agreement and Guaranty Agreements, RWI is also entitled to an award of its costs, expenses and attorneys' fees incurred to enforce the License Agreement, and is seeking a portion of those fees and costs in this Motion. (Compl., ¶ 23; Ex. 2, Cox Aff., ¶¶ 15, 18, 21.)

9. In the Seventh Circuit, reasonable attorneys' fees are determined by multiplying the hours reasonably expended on litigation by a reasonable hourly rate to arrive at a base figure commonly called a "lodestar." See Strange v. Monogram Credit Card Bank of Georgia, 129 F.3d 943, 945-46 (7th Cir. 1997). Courts may then increase or decrease the lodestar figure according to twelve factors set forth in Hensley v. Eckerhart, 461 U.S. 424, 103 S. Ct. 1933 (1983). The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation,

and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Id. Courts have held that only time spent on claims for relief that are unsuccessful and unrelated to the ultimate result achieved are not compensable. See Rosario v. Livaditis, 963 F.2d 1013, 1020 (7th Cir. 1992) (quoting Jackson v. Illinois Prisoner Review Bd., 856 F.2d 890, 894 (7th Cir. 1988)).

10. RFS seeks an award of $6,755.08 consisting of $5,892.00 in attorneys' fees and $863.08 in costs, pursuant to Section 17.4 of the License Agreement, the Guaranty Agreement between the parties and Local Rule 54.1. RWI has substantially discounted the amount of fees and costs it seeks, as reflected in the Affidavit of Robin M. Spencer, which is attached to this Motion as Exhibit 3. The attorneys' fees and costs for which RWI seeks reimbursement are detailed in the billing detail attached as Exhibit A to Ms. Spencer's affidavit. RWI has included in Exhibit A only those entries for which it is seeking reimbursement in the present motion.[1]

11. As set forth in Ms. Spencer's Affidavit, RWI has calculated a reasonable lodestar. Although the base amount sought by RWI reasonably could be greater, and could be adjusted upward in full accordance with the License Agreement, Assignment and Assumption Agreement and Guaranty Agreements between the parties, RWI requests reimbursement only for a portion of its fees expended to prosecute RWI's claims against the Defaulted Defendants.

12. The fees and costs sought by RWI in this action are customary and reasonable for the prosecution of a case of this type and are consistent with the rates approved in similar awards. (See Ex. 3, Spencer Aff., ¶¶ 4-16; Form AO 133, Bill of Costs, attached to Spencer Aff. as Exhibit B). RWI's attorneys have charged market rates for their services, which is the presumptively reasonable method for calculating attorneys' fees. See Balcor Real Estate

Holdings, Inc. v. Walentas-Phoenix Corp., 73 F.3d 150, 153 (7th Cir. 1996) ("the best evidence of the market value of legal services is what people pay for it"); People Who Care v. Rockford Bd. of Educ., 90 F.3d 1307, 1310 (7th Cir. 1996) ("the attorney's actual billing rate for comparable work is presumptively appropriate to use as the market rate"); see also Ex. 3, Spencer Aff., ¶¶ 14-16 & Ex. A thereto.

13. RWI acted appropriately to protect its trademarks, the traveling public and the system interests at stake in this proceeding. (Ex. 3, Spencer Aff., ¶ 16.) While courts have explicitly rejected arguments that attorneys' fees must be proportional to damage awards, see Alexander v. Gerhardt Enters., Inc., 40 F.3d 187 (7th Cir. 1994) ("[t]his court has rejected the notion that fees must be calculated proportionally to damages"); see also Estate of Borst, 979 F.2d 511 (7th Cir. 1992) (an attorneys' fee award 47 times as great as the damage award was not excessive); Littlefield v. McGuffey, 954 F.2d 1337, 1350-51 (7th Cir. 1992) ("[t]he size of a damage award, however, is not the gauge of a plaintiff's victory"), the fees RWI seeks here are in fact proportional to the harm posed to RWI by Defendants' disregard of their contractual obligations.

14. Federal Rule 54(d), Section 17.4 of the License Agreement, Assignment and Assumption Agreement and Guaranty Agreements agreement provide for recovery by RWI of its costs and expenses, in addition to reasonable attorneys' fees. RWI's costs include copy charges, telephone and facsimile charges and delivery charges, reasonable "both in the amount and necessity to the litigation." Weihaupt v. American Med. Ass'n, 874 F.2d 419, 430 (7th Cir. 1989). RWI seeks $1,473.22 in incurred costs. (Ex. 3, Spencer Aff., ¶ 17.)

---

[1] RWI reserves its right to seek a greater portion or all of its fees and costs from Paul Femmer and Sharad Desai, the remaining defendants in the case, and makes this motion against the Defaulted Defendants without waiver to its rights or claims in that regard.

## Conclusion

15. Accordingly, as set forth above and pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, RWI is entitled to the entry of a default judgment in its favor and against in its favor and against Defaulted Defendants, jointly and severally, for a total damages award in the amount of (1) $303,696.03 against Rajen Jhala and Jay Vidyalankar, plus post-judgment interest, and (2) $235,852.09 against Shri Ohm Corporation, plus post-judgment interest.

**WHEREFORE**, plaintiff Ramada Worldwide Inc. respectfully requests that the Court enter judgment, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, in its favor and against the Defaulted Defendants as follows:

(a) $130,140.95 in Recurring Fees and interest against defendants Jhala and Vidyalankar, jointly and severally;

(b) $62,297.01 in Recurring Fees and interest against defendant Shri Ohm Corporation;

(c) $120,000.00 in Liquidated Damages for premature termination of the License Agreement, plus interest in the amount of $46,800.00, against defendants Jhala, Vidyalankar and Shri Ohm Corporation, jointly and severally; and

(c) $6,755.08 in attorneys' fees, costs and expenses, against defendants Jhala, Vidyalankar and Shri Ohm Corporation, jointly and severally;

for a total award of (1) $303,696.03 against defendants Rajen Jhala and Jay Vidyalankar, plus post-judgment interest; and (2) $235,852.09 against defendant Shri Ohm Corporation, plus post-judgment interest.

Dated: January 19, 2005                    Respectfully submitted,

                                           RAMADA WORLDWIDE INC.

                                           By:    s/Fiona A. Burke
                                                  Counsel for Plaintiff

Paula J. Morency
Robin M. Spencer
Fiona A. Burke
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606-6473
Telephone:  (312) 258-5500
Facsimile:  (312) 258-5600
pmorency@schiffhardin.com
rspencer@schiffhardin.com
fburke@schiffhardin.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for Plaintiff, and I hereby certify that I have mailed by United States Postal Service the documents to the following non CM/ECF participants:

Sharad Desai
8 Dunbridge Ct
Glen Carbon, Illinois 62304

Paul Femmer
1616 Wildhorse Pkwy
Chesterfield, Missouri 63005

                                              s/Fiona A. Burke
Fiona A. Burke Bar Number: 6273779
One of the Attorneys for Plaintiff
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606
(312) 258-5500
(312) 258-5600 (facsimile)
fburke@schiffhardin.com