**E-FILED**
Wednesday, 19 January, 2005  04:22:04 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **RAMADA FRANCHISE SYSTEMS, INC.,**<br>**a Delaware corporation,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 3:04-cv-3248** |
| | ) | |
| **SHRI OHM CORPORATION.,** | ) | **Hon. Jeanne E. Scott** |
| **d/b/a SHREE OHM, INC., an Illinois** | ) | |
| **corporation, JAY VIDYALANKAR,** | ) | **Mag. Byron G. Cudmore** |
| **SHARAD DESAI, PAUL FEMMER, and** | ) | |
| **RAJEN JHALA, individuals,** | ) | |
| | ) | |

### AFFIDAVIT OF ROBIN M. SPENCER

I, Robin M. Spencer, being duly sworn on oath, state as follows:

1.    I have personal knowledge of the following facts, and am prepared to testify to them if called as a witness.  I respectfully submit this affidavit in support of Plaintiff's Motion for Default Judgment against defendants Shri Ohm, Jhala and Vidyalankar, for the work performed for Ramada Worldwide Inc., formerly known as Ramada Franchise Systems, Inc. ("RWI"), in this matter.

### Background and Counsel

2.    I am an attorney licensed to practice law in the States of Illinois and Minnesota, and also have been admitted to the bars of the United States District Courts for the Northern, Central and Southern Districts of Illinois and the Northern District of Indiana.  I am a partner at the law firm of Schiff Hardin LLP and a 1994 graduate of the University of Virginia School of Law.  I have served as Regional Counsel for RWI and its affiliates in the states of Wisconsin, Illinois and Indiana from 1999 to the present, and as counsel for RWI in this matter from  its inception.

**EXHIBIT**
**3**

3.     I am a member of the Litigation and Alternative Dispute Resolution Steering Committee of the ABA Forum on Franchising and have litigated franchise and distributor matters for more than nine years.  In the course of my practice, I have handled or worked actively on what I believe to be hundreds of contested commercial matters both in state and federal court, with a primary focus on distribution and franchise suits.

### The Work For Which Fees Are Sought

4.     RWI requests reimbursement from this Court on its present Motion for Default Judgment only for a portion of its fees reasonably and necessarily expended on the investigation, preparation of the pleading, service of process, preparation of the motions and briefing for judgment on the pleadings and preparation of this fee petition, and associated work in this case incurred in prosecuting its claims against defendants Rajen Jhala ("Jhala"), Shri Ohm Corporation d/b/a Shree Ohm, Inc. ("Shri Ohm"), and Jay Vidyalankar ("Vidyalankar") (collectively, the "Defaulted Defendants"), including communications with RWI client personnel (Marcus Banks and Stefani Williams).  In support of its motion, RWI submits billing detail of the law firm of Schiff Hardin LLP (attached as Exhibit A).  RWI does not seek reimbursement for the redacted entries or amounts through which lines have been drawn.

5.     I personally reviewed the billing detail which is attached, as well as the underlying court records and other documents prepared for this litigation.

### Staffing of This Matter

6.     The law firm of Schiff Hardin LLP ("Schiff Hardin") serves as Regional Counsel for RWI for Illinois and other Midwestern states, and has performed all of the work for RWI on this matter, from its inception through the present.

7.     The principal work performed on this matter was done by myself and one associate, Fiona A. Burke.  As set forth on the billing statements, RWI was charged an hourly

-2-

rate of $330.00 for my time through December 31, 2003, a 2004 hourly rate of $360.00, and an hourly rate of $395.00 for my time beginning on January 1, 2005.

8.     Ms. Burke, a Schiff Hardin associate and a 2001 magna cum laude graduate of Loyola University Chicago School of Law assisted on this matter by evaluating this matter, preparing the pleadings, and drafting of the motions for default and default judgment and supporting affidavits and attachments, and associated work on the matter. RWI was charged a 2003 hourly rate of $200.00 for Ms. Burke's time, a 2004 hourly rate of $230.00, and an hourly rate of $270.00 beginning on January 1, 2005 for Ms. Burke's time.

### Attorneys' Fees For Which RWI Seeks Reimbursement

### A.     Fees and Discounts Reflected In Schiff Hardin's Time Entries

9.     The attached billing detail reflects the normal and customary billing rates charged to clients by Schiff Hardin, adjusted downward by the Regional Counsel and other discounts provided in the ordinary course of business for this client and the circumstances of this particular case. Those discounts have, of course, been reflected in this fee petition.

10.     RWI seeks an award of $4,687.00 for incurred charges for Schiff Hardin's services to date. (See Exhibit A). RWI is not seeking reimbursement for entries that have been redacted, and has discounted the amount of fees it seeks by $4,364.50.

11.     In addition RWI seeks $1,205.00 for the time spent in completing its Motion for Default Judgment and supporting materials: an additional 3 hours in associate time, billed at $270.00 per hour totaling $810.00, and an additional 1 hour of partner time billed at $395.00 per hour totaling $395.00. That time is not yet reflected in the billing sheets.

### B.     Total Attorneys Fees Amount Sought by RWI in its Petition

12.     The total fees sought by RWI in its petition are $5,892.00.

-3-

13.     Based upon my experience and judgment, the rates, fees and costs requested by this fee petition are fair, reasonable, and well within those that normally would be charged for the services provided on a matter of this nature, where a claim was investigated, a complaint was prepared, motions for default and default judgment were prepared and presented to the Court, and other associated work was performed.

### C.     Appropriateness of Fees Sought by RWI in its Petition

14.     I am familiar with market rates charged by attorneys who represent parties in franchise litigation and who practice in the Chicago area and other areas of the upper Midwest, by my experience with fee petitions, preparation of client billings and receipt of client payments for my firms, and information disclosed by publications, clients and other counsel in the legal community, including those who act as regional counsel for franchisors.

15.     The rates at which RWI seeks compensation for the services rendered to it by counsel in this matter are well within the prevailing rates for lawyers practicing in the Chicago area and other urban Midwestern legal communities, and are within the appropriate rates charged for litigating a franchise matter such as this case as regional counsel for a franchisor.

### Special Factors:  RWI Had Significant Interests at Stake in this Litigation

16.     RWI acted appropriately to protect its trademarks, the traveling public and the system interests at stake in this litigation.  It is of critical importance to maintain uniform quality of the lodging facilities throughout RWI's franchise system, in order to protect RWI's guests and its trademarks.  Given the breadth of the RWI system, it is also important for RWI to enforce the terms of its franchise agreements against breaching franchisees.   In this case, the Defendants breached both the quality assurance requirements and the payment obligations that they were required to meet under the License Agreement, Assignment and Assumption Agreement and Guaranty agreements, before ceasing to operate as a Ramada® and losing possession of the

-4-

Facility to their lender.  The resulting termination has caused RWI to lose the benefit of its agreement that this franchisee would operate a facility in Springfield, Illinois until 2011, and that the facility would comply with the standards RWI has set to protect the traveling public and the RWI marks.  RWI's enforcement of its License Agreement, the Assignment and Assumption Agreement and the Guaranty agreements is both appropriate and important, both in the message it sends to the system as a whole and in the recovery RWI seeks against the Defendants for its past and future efforts in this region.

<u>**Costs For Which RWI Seeks Reimbursement in its Petition**</u>

17.    In addition to legal fees, RWI asks this Court to award $863.08 for costs that RWI incurred in the prosecution of this matter to date, for copying expenses, facsimile charges, as well as service, filing and other delivery expenses.  RWI is not seeking reimbursement for entries that have been redacted, and has discounted the amount of the costs it seeks by $175.00.  (<u>See</u> <u>also</u>, Form A0 133, Bill of Costs, attached as Exhibit B.)

FURTHER AFFIANT SAYETH NOT.

Robin M. Spencer

Subscribed and sworn before me
this ____ day of January, 2005

Notary Public

"OFFICIAL SEAL"
Janet L. Pawlik
Notary Public, State of Illinois
My Commission Exp. 07/25/2005