**E-FILED**
Tuesday, 31 May, 2005  04:31:53 PM
Clerk, U.S. District Court, ILCD

### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RAMADA FRANCHISE SYSTEMS, INC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-3248 |
| | ) | |
| SHRI OHM CORPORATION, d/b/a SHREE OHM, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

### <u>ORDER</u>

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiff Ramada Franchise Inc.'s Motion for Default Judgment against Defendants Rajen Jhala, Shri Ohm Corporation, d/b/a Shree Ohm, Inc. (Shri Ohm), and Jay Vidyalankar (d/e 18) (Motion for Default Judgment), pursuant to Fed. R. Civ. P. 55(b)(2) and this Court's October 16, 1985, Standing Order involving the same. Plaintiff seeks judgment in its favor, including an award of: (1) recurring fees with interest; (2) liquidated damages with interest; and (3) attorneys' fees and costs. For the reasons set forth below, Plaintiff's Motion is allowed, in part, and denied, in part.

1

The following facts are taken from the allegations of the Complaint (d/e 1).  On January 12, 1996, Plaintiff entered into a License Agreement with Shree Ohm, Inc. (Shree Ohm) for the operation of a 120-room hotel in Springfield, Illinois, for a fifteen-year term.  Id., ¶ 12 & Exhibits to Complaint, p. 1-32 (License Agreement).   On January 12, 1996, Vidyalankar, along with co-defendants Sharad Desai, and Paul Femmer, entered into a Guaranty in which they jointly and severally personally guaranteed Shree Ohm's obligations under the License Agreement. Id., ¶ 24 & Exhibits to Complaint, p. 31, 37 (January 1996, Guaranty).

On February 9, 2000, Plaintiff and Shree Ohm entered into an Assignment and Assumption Agreement with Shri Ohm whereby Shree Ohm's rights and obligations under the License Agreement were assigned to Shri Ohm.  Id., ¶ 24 & Exhibits to Complaint, p. 33-36 (Assignment). Under the Assignment, Shree Ohm remained secondarily liable for Shri Ohm's payment and performance.  Id., ¶ 13; Assignment, ¶ 2.  Also on February 9, 2000, Jhala entered into a Guaranty in which he personally guaranteed Shri Ohm's payment and performance under the Assignment. Complaint, ¶ 27; Affidavit of Kathy Cox dated May 3, 2005 (d/e 23) (Second Cox Affidavit), ¶ 19 & Exhibit D (February 2000, Guaranty).

Plaintiff filed its Complaint on November 12, 2004.  The Complaint alleges that Shri Ohm, Jhala, Vidyalankar, Desai, and Femmer failed to comply with their contractual obligations to Plaintiff under the License Agreement, Assignment, and the Guaranty Agreements.  The Complaint further alleges that Shri Ohm unilaterally terminated the License Agreement, effective October 1, 2002, by ceasing to operate the hotel as a Ramada and by losing possession of the hotel to its lender.  Complaint, ¶¶ 34, 35.  The docket reveals that Defendant Jhala was served individually and as the registered agent of Shri Ohm with summons and the Complaint on November 22, 2004.  Summons Returned Executed (d/e 10).  The docket further reveals that Defendant Vidyalankar was served with summons and the Complaint on December 2, 2004.  Summons Returned Executed (d/e 13).  Defendants Shri Ohm, Jhala, and Vidyalankar failed to file an answer or otherwise appear in the case, and Plaintiff filed a Motion for Entry of Default (d/e 16).[1]

On January 5, 2005, Magistrate Judge Byron G. Cudmore entered an Order of Default (d/e 17) in Plaintiff's favor and against Shri Ohm, Jhala,

[1]Defendants Femmer and Desai have appeared and filed Answers (d/e 14, 15) and, therefore, are properly not included in Plaintiff's Motion for Default Judgment.

3

and Vidyalankar.  Plaintiff provided Shri Ohm, Jhala, and Vidyalankar with copies of the Order of Default and the pending Motion for Default Judgment by U.S. Mail at the addresses where they were personally served with the Complaint and Summons.  Notice of Electronic Filing (d/e 21). Nevertheless, Shri Ohm, Jhala, and Vidyalankar have failed to appear in this action.  Jhala and Vidyalankar are not minors, incompetent persons, or in military service.  Second Cox Affidavit, ¶ 38.  Therefore, the Court finds entry of default judgment against Defendants Shri Ohm, Jhala, and Vidyalankar to be appropriate.

Plaintiff asks the Court to award it damages as follows: (1) recurring fees with interest; (2) liquidated damages with interest; and (3) attorneys' fees and costs.  "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true."  Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc., 722 F.2d 1319, 1323 (7th Cir. 1983).  The allegations in a complaint with respect to damages, however, are not deemed to be true, but rather, the court must ascertain the damages with reasonable certainty.  In re Catt, 368 F.3d 789, 793 (7th Cir. 2004).  With this in mind, the Court turns to Plaintiff's request for damages.

A.    Recurring Fees

Under the License Agreement, Shree Ohm and later Shri Ohm were required to pay Plaintiff certain "recurring fees," including royalties, Ramada Inn National Association (RINA) service assessments, and taxes, as well as interest at a rate of 1.5% monthly on any past due amount.    License Agreement, § 7.  Plaintiff seeks $62,297.01 in past due recurring fees and interest from Shri Ohm.  Plaintiff asserts that this amount was calculated using an itemized statement of outstanding fees for the Springfield hotel prepared by Ramada's Finance Department for the period from May 23, 2002 to December 31, 2004.[2]  Plaintiff includes the statement as an exhibit. Second Cox Affidavit, ¶ 30 & Ex. C (Shri Statement).  Plaintiff limits its fee request to fees accrued through October 2002, the month the License Agreement was terminated.[3]  From that point, the only additions on the Shri Statement are for accrued interest, as allowed under the License

_____

[2]Plaintiff fails to explain its selection of May 23, 2002, as the starting date for this calculation.  In the Assignment, Shri Ohm agreed, effective February 9, 2000, to assume "all existing and future obligations to pay and perform" under the License Agreement. Assignment, ¶ 2.  Because the fees that accrued after May 23, 2002, are encompassed in this period, the Court, while noting the discrepancy, need not inquire further of Plaintiff.

[3]As discussed in section B, the License Agreement provides for liquidated damages in place of any claims Plaintiff may have for lost future recurring fees.  License Agreement, ¶ 12.1.

Agreement. The Court notes that the Shri Statement reflects an erroneous total amount due for May 2002. The amounts listed for May 2002 total $5,077.43, rather than $5,132.43, a $55.00 difference. After this adjustment, the Court finds Plaintiff has established the remaining amounts to a reasonable certainty and awards Plaintiff $62,242.01 in past due recurring fees and interest from Shri Ohm.[4] This amount is awarded jointly and severally with the amounts that will be ordered for Defendants Jhala and Vidyalankar.

Plaintiff contends that it is entitled to $130,140.95 in recurring fees and interest from Jhala and Vidyalankar. Plaintiff asserts that this amount was calculated using an itemized statement of fees prepared by Ramada's Finance Department for the period from October 1999 to December 31, 2004. Plaintiff includes the statement as an exhibit. Second Cox Affidavit, ¶ 30 & Ex. B (Jhala/Vidyalankar Statement). Plaintiff again limits its fee request to fees accrued through October 2002, the month the License Agreement was terminated. From that point, the only additions on the

---

[4]The Court notes that the August 16, 2002, charge of $300.00 for "Q/A Reinspection" does not fall squarely under the License Agreement definitions of recurring fees. Plaintiff, however, is entitled to recover this amount under section 3.8 of the License Agreement.

Jhala/Vidyalankar Statement are for accrued interest, as allowed under the License Agreement.

Turning first to Defendant Vidyalankar, the Court notes that Vidyalankar personally guaranteed Shree Ohm's obligations under the License Agreement beginning January 12, 1996. <u>January 1996, Guaranty</u>. Under the Assignment, Shree Ohm remained secondarily liable for Shri Ohm's payment and performance after February 9, 2000. <u>Assignment</u>, ¶ 2. Vidyalankar, as guarantor of Shree Ohm, is therefore personally liable for past due recurring fees and interest from January 1996, forward.

Based on the facts before the Court, Defendant Jhala did not enter the picture until February 2000. Under the February 2000, Guaranty, Jhala personally guaranteed "each obligation required of [Shri Ohm]" under the License Agreement. <u>February 2000, Guaranty</u>. Shri Ohm's obligations under the License Agreement began with the February 9, 2000, Assignment. However, in that Assignment, Shri Ohm agreed to accept and assume the rights, benefits, and obligations of Shree Ohm under the License Agreement, "including all existing and future obligations to pay and perform . . . ." <u>Assignment</u>, ¶ 2. Therefore, Jhala, as guarantor of Shri Ohm, is personally liable for past due recurring fees existing on February 9, 2000,

and accruing thereafter.  The fact that Plaintiff is not seeking an award of

all of the fees to which it may be entitled from Shri Ohm does not alter the

clear terms of Jhala's contractual obligations.

In determining the amount of recurring fees and interest for which

Vidyalankar and Jhala are liable, the Court turns to the Jhala/Vidyalankar

Statement.  The Court notes that the statement includes an October 15,

2001, charge in the amount of $15,000.00 that is described only as "Oct –

Promissory Note."  No copy of a promissory note has been provided to the

Court, nor do the allegations of the Complaint refer to one.  Without more

information, the Court cannot conclude to a reasonable certainty that

Vidyalankar and Jhala are liable for this amount, and the Court disallows it.

Plaintiff, however, is granted leave to file supplemental information as to

this $15,000.00 amount on or before June 17, 2005, for the Court's

consideration.  Therefore, Plaintiff is entitled to an award of $115,140.95

from Defendants Jhala and Vidyalankar, jointly and severally.[5]  Of this

amount, $62,242.01 is awarded jointly and severally with Shri Ohm, as set

---

[5]The Court again notes that the August 16, 2002, charge of $300.00 for "Q/A Reinspection" and an identical charge on December 20, 2001, do not fall squarely under the License Agreement definitions of recurring fees.  Plaintiff, however, is entitled to recover these amounts under section 3.8 of the License Agreement.

forth above.

B.    Liquidated Damages

The License Agreement addresses liquidated damages in Sections 12 and 18.  Under ¶ 12.1 of the License Agreement, Shri Ohm agrees to pay Plaintiff liquidated damages in the event of a termination by Shri Ohm that is not the result of a casualty or condemnation or an uncured default by Plaintiff.  The liquidated damages are in lieu of claims Plaintiff may have for lost future recurring fees.  License Agreement, ¶ 12.1.  The License Agreement sets out a formula for calculating the liquidated damages.  Id. Under ¶ 12.1, Plaintiff would be entitled to liquidated damages in an amount equal to the sum of accrued royalties and RINA service assessment fees for the 24 months immediately preceding termination.  Id.  The parties entered into a special stipulation under ¶ 18.4 which limited liquidated damages to $1,000.00 for each guest room of the hotel.  Id., ¶ 18.4.  The Springfield hotel had 120 authorized guest rooms at the time of termination.  Complaint, ¶12; Second Cox Affidavit, ¶ 14.

Plaintiff seeks liquidated damages in the amount of $120,000.00, plus interest in the amount of $46,800.00.  Under ¶ 18.4, $120,000.00 is an upper limit on liquidated damages and serves as a cap to the formula set out

in ¶ 12.1.  Under the License Agreement, Plaintiff is not entitled to recover

$120,000.00 in liquidated damages unless the amount calculated under the

¶ 12.1 formula meets or exceeds $120,000.00.  Plaintiff, however, provides

no indication as to what the liquidated damage amount calculated under the

¶ 12.1 formula would be.  From the information presented in connection

with Plaintiff's claim for recurring fees, it appears to the Court that the ¶

12.1 formula would result in a liquidated damage amount lower than

$120,000.00.  However, it also appears that the Court may not have all of

the information necessary to make this calculation to a reasonable certainty.

Therefore, Plaintiff's request for liquidated damages is denied at this time.

However, Plaintiff is granted leave to file supplemental information

regarding its claim for liquidated damages on or before June 17, 2005, for

the Court's consideration.  Plaintiff should also provide the Court with

support for its request for interest on the liquidated damage award.

C.    Attorneys' Fees and Costs

Under the License Agreement, in the event of legal action, "[t]he non-

prevailing party will pay all costs and expenses, including reasonable

attorneys' fees, incurred by the prevailing party to enforce this Agreement

or collect amounts owed under this Agreement." License Agreement, ¶ 17.4.

10

Plaintiff seeks $5,892.00 in attorneys' fees. This amount is reasonable and supported by the Affidavit of Robin M. Spencer. Motion for Default Judgment, Ex. 3, Affidavit of Robin M. Spencer (Spencer Affidavit). Therefore, the Court awards Plaintiff $5,892.00 in attorneys' fees to be paid jointly and severally by Shri Ohm, Vidyalankar, and Jhala.

Plaintiff also requests $863.08 in costs.[6] Under the License Agreement, Plaintiff is entitled to recover all costs and expenses incurred to enforce the Agreement. License Agreement, ¶ 17.4. The amounts submitted by Plaintiff are reasonable and supported by the Spencer Affidavit. Plaintiff is entitled to an award of $863.08 in costs and expenses to be paid jointly and severally by Shri Ohm, Vidyalankar, and Jhala.

THEREFORE, Plaintiff Ramada Franchise Inc.'s Motion for Default Judgment against Defendants Rajen Jhala, Shri Ohm Corporation, d/b/a Shree Ohm, Inc. (Shri Ohm), and Jay Vidyalankar (d/e 18) is ALLOWED, in part, and DENIED, in part. The Court enters default judgment in favor of Plaintiff and against Defendants Vidyalankar, Jhala, and Shri Ohm for

---

[6]The Court notes that ¶ 14 of the Motion for Default Judgment, citing the Spencer Affidavit, asserts that Plaintiff is seeking $1,473.22 in costs. This amount is inconsistent with the Spencer Affidavit and ¶ 10 of the Motion for Default Judgment, which both seek costs in the amount of $863.08. Because the $863.08 amount is supported by the record, the Court disregards the higher unsupported amount claimed in ¶ 14.

the amounts set forth below:

1.    Vidyalankar and Jhala, jointly and severally, are ordered to pay $115,140.95 in recurring fees and interest and $6,755.08 in attorneys' fees, costs and expenses.

2.    Shri Ohm is ordered to pay $62,242.01 in recurring fees and interest and $6,755.08 in attorneys' fees, costs and expenses for a total award against Shri Ohm of $68,997.09, which is to be paid jointly and severally with Vidyalankar and Jhala.

Furthermore, the amounts ordered for Vidyalankar, Jhala, and Shri Ohm are to be paid jointly and severally with any amounts that the Court ultimately orders paid by non-defaulted Defendants Desai and Femmer in this case. Plaintiff is granted leave to make supplemental filings relating to the disallowed $15,000.00 of requested recurring fees and its claim for liquidated damages on or before June 17, 2005, for the Court's consideration.

IT IS THEREFORE SO ORDERED.

ENTER:   May 31, 2005.

        FOR THE COURT:

12

s/  Jeanne E. Scott
_____
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE
