**E-FILED**
Friday, 17 June, 2005  08:43:57 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **RAMADA FRANCHISE SYSTEMS, INC.,** | ) | |
| **a Delaware corporation,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:04-cv-3248** |
| | ) | |
| **SHRI OHM CORPORATION.,** | ) | **Hon. Jeanne E. Scott** |
| **d/b/a SHREE OHM, INC., an Illinois** | ) | |
| **corporation, JAY VIDYALANKAR,** | ) | **Mag. Byron G. Cudmore** |
| **SHARAD DESAI, PAUL FEMMER, and** | ) | |
| **RAJEN JHALA, individuals,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S SUBMISSION OF INFORMATION IN FURTHER SUPPORT FOR ITS
MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS RAJEN JHALA,
SHRI OHM CORPORATION D/B/A SHREE OHM, INC. AND JAY VIDYALANKAR**

Pursuant to this Court's Order dated May 31, 2005 (Doc. 25), Plaintiff respectfully submits the following information in further support of its Motion for Default Judgment against defaulted defendants Rajen Jhala ("Jhala"), Shri Ohm Corporation d/b/a Shree Ohm, Inc. ("Shri Ohm"), and Jay Vidyalankar ("Vidyalankar") (collectively, the "Defaulted Defendants"), and states as follows:

1.       By Order dated May 31, 2005, the Court granted in part Plaintiff's Motion for Default Judgment, ruling that Plaintiff was entitled to an award, among other things, of Recurring Fees of $115,140.95 from defendants Jhala and Vidyalankar, jointly and severally, of which $62,242.01 was also awarded from Shri Ohm jointly and severally. (Doc. 25 at 8.)

2.       However, the Court did not include in its award of Recurring Fees against Vidyalankar and Jhala an October 2001 charge of $15,000 that appeared on Plaintiff's Itemized Statement (under the description "Oct – Promissory Note"), stating that without additional

information, the Court could not conclude to a reasonable certainty that Vidyalankar and Jhala were liable for this charge.  (Id.)  The Court granted leave to Plaintiff to file supplemental information concerning this amount for the Court's consideration.  (Id.)

3.     As set forth in the attached Affidavit of Kathy Cox, the Senior Director of Franchise Administration for Plaintiff, the October 2001 $15,000 charge reflected on Plaintiff's January 18, 2005 Itemized Statement represents a consolidation of a portion of past-due Recurring Fees that were due and owing under the License Agreement and Guaranty agreements prior to August 2001.  In exchange for an extension on the payment due date for these Recurring Fees until October 15, 2001, Shree Ohm, Inc. ("Shree") and Jhala executed a promissory note for this amount in favor of Plaintiff.  (Cox Aff., ¶¶ 7-11 & Ex. C thereto.)  Importantly, Jhala and Vidyalankar already owed this amount of Recurring Fees under the terms of the License Agreement and Guaranty agreements.

4.     This line item on the Itemized Statement does not reflect a new charge for any other amounts or for any different or new purpose.  (Id., ¶¶ 8-9.)  Nor does the $15,000 charge duplicate or double-count any prior charges reflected on the Itemized Statement.  (Id.)  Instead, the $15,000 charge appears on the Itemized Statement in the manner that it does because Plaintiff intended to reflect in its records the new October 15, 2001 payment due date for this amount of Recurring Fees.  (Id.)

5.     Jhala and Vidyalankar are jointly and severally responsible for the $15,000 charge reflected on the Itemized Statement because the charge merely reflects a consolidation of Recurring Fees that were already owed by both of them pursuant to Section 7 and Schedule C of the License Agreement and the respective Guaranty agreements that they provided to RWI.  (Id., ¶ 10.)  The additional promise that Jhala made by way of the promissory note did not and does

not extinguish the existing obligations of Jhala and Vidyalankar to pay these Recurring Fees pursuant to the terms of the License Agreement and their respective Guaranty agreements.  (Id.)[1]

6.    Accordingly, in addition to the amount of Recurring Fees previously awarded by the Court in its May 31, 2005 Order, Plaintiff respectfully seeks this $15,000 in past-due Recurring Fees from Vidyalankar and Jhala, jointly and severally, pursuant to the terms of the License Agreement, Vidyalankar's January 12, 1996 Guaranty, and Jhala's February 9, 2000 Guaranty.

7.    In addition, Plaintiff seeks an award of Liquidated Damages from the Defaulted Defendants, jointly and severally.  In its May 31, 2005 Order, the Court interpreted Sections 12.1 and 18.4 of the License Agreement as providing for liquidated damages as the lesser of the Section 12.1 formula or $1,000 multiplied by the number of guest rooms in the Facility (120), and granted leave to Plaintiff to file supplemental information concerning the Section 12.1 formula.  (Doc. 25 at 10.)  Accordingly, Plaintiff sets forth in the attached Affidavit of Kathy Cox information concerning the amount of Royalties and RINA Fees that accrued during the 24 full calendar months immediately preceding termination of the License Agreement, which, as more fully set forth in Ms. Cox's affidavit, total $83,691.00.[2]  Cox Aff., ¶¶ 12-19 & Exs. A & B thereto.)

---

[1]  RWI, by its Motion for Default Judgment, seeks to collect the Recurring Fees owed by the former franchisee and its guarantors under the License Agreement and Guaranty agreements. RWI does not seek to enforce the terms of the Note through this proceeding, but instead provides the Note to the Court to explain that its entry on the Itemized Statement constitutes further evidence of the existing obligation of Vidyalankar and Jhala to pay Recurring Fees (including this $15,000 amount), which comes within the time periods covered by their respective Guaranty agreements.

[2]  As set forth in its Motion for Default Judgment, RWI interpreted Sections 12.1 and 18.4, when read together, to allow Liquidated Damages in an amount not less than $120,000.  RWI, however, respects the Court's ruling regarding these sections of the License Agreement.

8.    In view of the Court's ruling with respect to the reading of Sections 12.1 and 18.4 of the License Agreement, and in light of the calculations set forth above, Plaintiff respectfully asks the Court for an award of Liquidated Damages in the amount of $83,691.00, plus interest pursuant to Section 7.3 of the License Agreement.  (See License Agreement, § 7.3).

**WHEREFORE**, plaintiff Ramada Worldwide Inc., formerly known as Ramada Franchise Systems, Inc., respectfully requests that the Court award, in addition to the amounts set forth in its May 31, 2005 Order, (1) an additional $15,000 in Recurring Fees in favor of Plaintiff and against Vidyalankar and Jhala, jointly and severally, and (2) Liquidated Damages in favor of Plaintiff and against each of the Defaulted Defendants, jointly and severally, pursuant to Sections 12.1 and 18.4 of the License Agreement and Guaranty agreements, plus interest.

Dated: June 17, 2005

Respectfully submitted,

RAMADA WORLDWIDE INC.,
formerly known as
RAMADA FRANCHISE SYSTEMS, INC.


By:___s/Robin M. Spencer_____
         Counsel for Plaintiff

Paula J. Morency
Robin M. Spencer
Fiona A. Burke
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606-6473
Telephone:  (312) 258-5500
Facsimile:  (312) 258-5600
pmorency@schiffhardin.com
rspencer@schiffhardin.com
fburke@schiffhardin.com

–4–

## <u>CERTIFICATE OF SERVICE</u>

I, Robin M. Spencer, an attorney, hereby certify that on June 17, 2005, I electronically filed the foregoing Plaintiff's Submission of Information in Further Support for its Motion for Default Judgment Against Defendants Rajen Jhala, Shri Ohm Corporation d/b/a Shree Ohm, Inc. and Jay Vidyalankar (with exhibits) with the Clerk of the Court using the CM/ECF system, and I hereby certify that on June 17, 2005, I mailed by United States Postal Service, postage pre-paid, the foregoing documents to the following non CM/ECF participants:

<u>By U.S. Mail</u>:

Jay Vidyalankar
4139 E. Busch Boulevard, #400
Tampa, Florida 33617

Rajen Jhala
Individually and as Registered Agent for
Shri Ohm Corporation
16347 Champion Drive
Chesterfield, Missouri 63005

Sharad Desai
8 Dunbridge Court
Glen Carbon, Illinois 62034-1564

Paul Femmer
1616 Wildhorse Parkway
Chesterfield, Missouri 63005

By: ___ s/Robin M. Spencer _____
        Counsel for Plaintiff
        Robin M. Spencer
        Illinois Bar Number 6256706
        SCHIFF HARDIN LLP
        6600 Sears Tower
        Chicago, IL 60606-6473
        Telephone: (312) 258-5500
        Facsimile: (312) 258-5600
        rspencer@schiffhardin.com