**E-FILED**
Friday, 11 November, 2005  11:23:09 AM
Clerk, U.S. District Court, ILCD

# EXHIBIT 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RAMADA WORLDWIDE INC., formerly known as RAMADA FRANCHISE SYSTEMS, INC., a Delaware corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:04-cv-3248 |
| SHRI OHM CORPORATION., d/b/a SHREE OHM, INC., an Illinois corporation, JAY VIDYALANKAR, SHARAD DESAI, PAUL FEMMER, and RAJEN JHALA, individuals, | ) ) ) ) ) ) | Hon. Jeanne E. Scott Mag. Byron G. Cudmore |
| Defendants. | ) | |

### AFFIDAVIT OF KATHY COX

**KATHY COX,** being duly sworn, according to law, upon her oath, deposes and says:

1.    I am the Senior Director of Franchise Administration for plaintiff Ramada Worldwide Inc., formerly known as Ramada Franchise Systems, Inc. ("RWI").

2.    This affidavit is made in support of RWI's Motion Summary Judgment against defendants Sharad Desai ("Desai") and Paul Femmer ("Femmer") pursuant to Federal Rule of Civil Procedure 56. I make this affidavit on behalf of RWI based on my personal knowledge, the records of RWI, or information available through employees of RWI and am prepared to testify to the following facts if called as a witness.

3.    Virtually all of my responsibilities with RWI involve the administration of franchise relationships. As a result, I have become familiar with the terms of the franchise agreements that govern the franchise relationships, including RWI's license agreement with defendants Shri Ohm Corporation d/b/a Shree Ohm, Inc. ("Shri Ohm") which permitted Shri

Ohm to operate a Ramada® guest lodging facility in Springfield, Illinois for a 15-year term in accordance with the terms of the License Agreement until January 11, 2011. The License Agreement was prematurely terminated on October 1, 2002, due to Shri Ohm's repeated failures to meet RWI's quality assurance standards and failure to pay monthly license fees ("Recurring Fees") owed to RWI.

## Parties and Background

4.    RWI is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Parsippany, New Jersey.

5.    Defaulted defendant Shri Ohm, is an Illinois corporation which was involuntarily dissolved on April 1, 2002. Shri Ohm Corporation was doing business as Shree Ohm, Inc. at the time the License Agreement was signed on January 12, 1996. Prior to its dissolution, Shri Ohm maintained its principal place of business and its Registered Agent at 625 E. St. Joseph Street, Springfield, Illinois 62701.

6.    Defaulted defendant Jay Vidyalankar ("Vidyalankar") is an individual and a citizen of the state of Florida, residing at 4139 E. Busch Boulevard, Unit #400, Tampa, Florida 33617. Vidyalankar was a 25% shareholder in Shri Ohm at the time the License Agreement was signed on January 12, 1996. See 1996 Tax Return and S corporation election of Shri Ohm attached to RWI's Memorandum in Support of its Motion for Summary Judgment as Exhibit 12.

7.    Defaulted defendant Rajen Jhala ("Jhala") is an individual and a citizen of the State of Missouri, residing at 16347 Champion Dr., Chesterfield, Missouri 63005. Jhala is the Registered Agent for Shri Ohm and was a 25% shareholder in Shri Ohm at the time the License Agreement was signed on January 12, 1996. Id.

2

8.     Remaining defendant Desai is an individual and a citizen of the state of Illinois, residing at 8 Dunbridge Ct., Glen Carbon, Illinois 62304.  Desai was a 25% shareholder in Shri Ohm at the time the License Agreement was signed on January 12, 1996.  Id.

9.     Remaining defendant Femmer is an individual and a citizen of the state of Missouri, residing at 1616 Wildhorse Pkwy, Chesterfield, Missouri 63005.  Femmer was a 25% shareholder in Shri Ohm at the time the License Agreement was signed on January 12, 1996.  Id.

10.     The amount in controversy in this matter, exclusive of interest and costs, exceeds the sum of $75,000.00.

11.     Venue is proper in this forum pursuant to 28 U.S.C. § 1391(b) because the activities complained of occurred in this judicial district.

12.     RWI is one of the largest guest lodging facility franchise systems in the United States, and is widely known as a provider of guest lodging facility services.

13.     RWI does not own or operate any hotels.  Instead, RWI operates a guest lodging facility franchise system.  The system, broadly stated, is comprised of various trade names and service marks (which appear on the principal register of the United States Patent and Trademark Office), logos and derivations thereof (the "Ramada Marks"), together with certain standards and centralized support functions, including a nationwide computer reservation system.

14.     RWI uses or has used the words "Ramada," "Ramada Plaza Hotel," "Ramada Inn," and "Ramada Limited," among others, as variations of its brand name.

15.     The hotels operating as part of the franchise system are all independently owned and operated.  RWI allows its franchisees, pursuant to individual franchise or license agreements, to operate their hotels as Ramada® guest lodging facilities utilizing the Ramada Marks.  RWI

3

also provides centralized support functions, including franchise services, national and regional advertising, and a nationwide computer reservation system.

16.    Through its franchise system, RWI markets, promotes, and provides services to its guest lodging franchisees throughout the United States. In order to identify the origin of their guest lodging services, RWI allows its franchisees to utilize the Ramada Marks and to promote the Ramada brand name.

17.    RWI has the exclusive right to sublicense the use of the Ramada Marks, as well as its distinctive franchise system. RWI or its predecessors have continuously used each of the Ramada Marks since the date of their registration and these marks are in full force and effect pursuant to 15 U.S.C. § 1065. RWI has given notice to the public of the registration of the Ramada Marks as provided in 15 U.S.C. § 1111.

18.    RWI has invested substantial effort over a long period of time, including the expenditure of millions of dollars, to cause consumers throughout the United States to recognize the Ramada Marks as distinctly designating RWI's guest lodging services.

19.    The value of the goodwill developed in the Ramada Marks does not admit of precise monetary calculation, but because RWI is one of the largest guest lodging facility franchise systems in the United States and is widely known as a provider of guest lodging facility services, the value of RWI's goodwill exceeds hundreds of millions of dollars.

### The Agreements Between The Parties

20.    On or about January 12, 1996, RWI entered into a License Agreement (the "License Agreement") with Shree Ohm, Inc. ("Shree") for the operation of a 120-room guest lodging facility located at 625 E. St. Joseph Street, Springfield, Illinois 62701, Site No. 7963 (the "Facility") for a 15-year term. On or about February 9, 2000, defendant Shri Ohm entered into

an Assignment and Assumption Agreement (the "Assignment and Assumption Agreement") with Shree and RWI, whereby the License Agreement was assigned from Shree to Shri Ohm, as Licensee.  True copies of the License Agreement and Assignment and Assumption Agreement are attached to RWI's Complaint as Exhibit A, and are attached to RWI's Memorandum in Support of its Motion for Summary Judgment as Exhibits 1 and 3, respectively.

21.    Effective as of the date of the License Agreement, Desai, Femmer and Vidyalankar provided RWI with a guaranty of Shree's obligations under the License Agreement, by virtue of the January 12, 1996 Guaranty agreement.  A true copy of the January 12, 1996 Guaranty is attached to RWI's Complaint as Exhibit B and is attached to RWI's Memorandum in Support of its Motion for Summary Judgment as Exhibit 2.

22.    Pursuant to the terms of the January 12, 1996 Guaranty, Desai and Femmer "guarant[eed] that Licensee's obligations under the Agreement, including any amendments, will be punctually paid and performed," and further agreed, among other things, and that upon a default under the License Agreement, they would "immediately make each payment and perform or cause Licensee to perform, each unpaid or unperformed obligation of Licensee under the [License] Agreement."

23.    Pursuant to the terms of the January 12, 1996 Guaranty, which expressly acknowledges that section 17 of the License Agreement applies to the January 12, 1996 Guaranty, Desai and Femmer further agreed to pay the costs, including reasonable attorneys' fees, incurred by RWI in enforcing its rights or remedies under the Guaranty or the License Agreement.

24.    On or about February 9, 2000, Shri Ohm, a corporation in which Desai and Femmer each were 25% owners, entered into an Assignment and Assumption Agreement with

5

Shree and RWI, whereby the License Agreement was assigned from Shree to Shri Ohm, as Licensee. A true copy of the Assignment and Assumption Agreement is attached to RWI's Complaint as Exhibit A and is attached to RWI's Memorandum in Support of its Motion for Summary Judgment as Exhibit 3.

25.    Pursuant to section 2 of the Assignment and Assumption Agreement, Shree agreed that it "shall remain secondarily liable for payment and performance of the Agreements." The January 12, 1996 Guaranty, pursuant to which Desai and Femmer guaranteed Shree's obligations under the License Agreement, remained in full force and effect and was not modified.

26.    Pursuant to section 5 of the License Agreement and section 8 of the Assignment and Assumption Agreement, Shri Ohm was obligated to operate the Facility as a Ramada® guest lodging facility for the remainder of the 15-year term, until January 11, 2011, during which time Shri Ohm was permitted to use the Ramada Marks in association with the operation and use of the Facility as part of RWI's franchise system.

27.    Pursuant to section 3.4 of the License Agreement, Shri Ohm was required to operate the Facility in compliance with RWI's "System Standards," as defined in the License Agreement, including RWI's quality assurance requirements.

28.    Pursuant to section 4.8 of the License Agreement, RWI had the "unlimited right to conduct unannounced quality assurance inspections" of the Facility (and the unlimited right to reinspect if the Facility received a failing score in the inspection) to determine whether the Facility was in compliance with RWI's quality assurance requirements.

29.    Pursuant to section 7 and Schedule C of the License Agreement, Shri Ohm was required to make certain periodic payments to RWI for royalties, service assessments, taxes,

interest, reservation system user fees, annual conference fees, and other fees (collectively, "Recurring Fees").

30.    Section 7.3 also provided for interest on all unpaid past due amounts: "Interest" is payable when [Shri Ohm] received[s] [RWI's] invoice on any past due amount payable to [RWI] under this Agreement at the rate of the lesser of 1.5% per month or the maximum rate permitted by applicable law, whichever is less, accruing from the due date until the amount is paid."

31.    Pursuant to section 3.9 of the License Agreement, Shri Ohm was required to prepare and submit monthly reports to RWI disclosing, among other things, the amount of gross room revenue earned by Shri Ohm at the Facility in the preceding month for purposes of establishing the amount of royalties and other Recurring Fees due to RWI.

32.    Pursuant to section 3.9 of the License Agreement, Shri Ohm agreed to maintain at the Facility accurate financial information, including books, records, and accounts, relating to the gross room revenue of the Facility and, pursuant to sections 3.8 and 4.8 of the License Agreement, Shri Ohm agreed to allow RWI to examine, audit, and make copies of the entries in these books, records, and accounts.

33.    Pursuant to section 11.2 of the License Agreement, RWI could terminate the License Agreement, with notice to Shri Ohm, for various reasons, including Shri Ohm's (a) discontinuing operation of the Facility as a Ramada, (b) loss of possession or the right to possession of the Facility, (c) failure to pay debts as they become due in the ordinary course of business, (d) failure to pay any amount due RWI under the License Agreement, (e) failure to remedy any other default of its obligations or warranties under the License Agreement within 30 days after receipt of written notice from RWI specifying one or more defaults under the License

7

Agreement, and/or (f) receipt of two or more notices of default under the License Agreement in any one year period, whether or not the defaults were cured.

34.    The parties expressly agreed in the License Agreement that the Licensee would pay RWI liquidated damages for a premature termination of the Agreement.  In section 12.1 of the License Agreement, the Licensee agreed, in the event of a premature termination of the License Agreement pursuant to section 11.2, to pay RWI "within 30 days following the date of termination, as Liquidated Damages," in an amount to be calculated in accordance with a formula specified in the License Agreement.

35.    These Liquidated Damages were set under section 12 "because actual damages will be difficult or impossible to ascertain on the Effective Date and the amount is a reasonable pre-estimate of the damages that will be incurred and is not a penalty."

36.    The formula for calculating liquidated damages is set forth in section 12.1 of the License Agreement.  The formula set forth in section 12.2 was intended to represent the parties' best estimate of the damages that would result from a premature termination of the License Agreement under the circumstances described in sections 11.1 and 11.2 of the License Agreement.

37.    Pursuant to section 17.4 of the License Agreement, Shri Ohm agreed that the non-prevailing party would "pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this [License] Agreement or collect amounts owed under this [License] Agreement."

38.    Section 17.5 of the License Agreement provided, among other things, that it will be governed by New Jersey Law.

## **The Defendants' Defaults and Termination**

39.     Beginning in 2000, the Licensee repeatedly failed to operate the Facility in accordance with RWI's System Standards, in breach of its obligations under the License Agreement.

40.     The Facility failed four quality assurance ("QA") inspections conducted by RWI from September 2000 through July 2002.  RWI provided written notice to Shri Ohm of its QA defaults under the License Agreement by letters dated October 5, 2000, August 20, 2001, December 3, 2001, and August 27, 2002, respectively, and further advised Shri Ohm that the License Agreement was subject to termination.  True copies of these written notices are attached to the Complaint as Group Exhibit D and are attached to RWI's Memorandum in Support of its Motion for Summary Judgment as Group Exhibit 7.

41.     Between January 2000 and September 2002, RWI also received numerous complaints from customers concerning the inferior quality of the Facility, including complaints of dirty guest rooms and bathrooms (such as urine around the toilet and food crumbs in rooms; dirty bathtubs and toilets and mold in shower; dirty underwear, dirty sheets and a stained comforter left in a guest room bed; moldy/musty/smelly guest rooms and bathrooms; wet carpets; bugs in guest rooms; rodent and insect traps left in guest rooms; three mice in a guestroom and two mice in a kitchen; rude staff; broken locks, air conditioner, ice machine and faucets; and dirty floors and carpet coated with hair and dust).  A true and correct copy of the customer complaint records, created at or near the time reflected thereon and maintained in the regular course of RWI' s business, is attached to RWI's Memorandum in Support of its Motion for Summary Judgment as Group Exhibit 8.

42.    In addition to their QA defaults, Defendants failed to comply with their monetary obligations under the License Agreement and Guaranty agreements.  By letter dated April 5, 2001, RWI advised Shri Ohm that (a) it was in breach of the License Agreement because it had not filed its monthly revenue reporting forms for October-December 2000, and January-February 2001 and owed RWI approximately $52,113.15 in outstanding Recurring Fees, (b) it had 10 days within which to cure this monetary default, and (c) if the default was not cured, then the License Agreement might be subject to termination.  A true copy of the letter dated April 5, 2001, is attached to RWI's Complaint as Exhibit E and is attached to RWI's Memorandum in Support of its Motion for Summary Judgment as Exhibit 9.

43.    Rather than cure their long-standing QA and monetary defaults, Defendants further breached the License Agreement.  Specifically, they unilaterally terminated the License Agreement by ceasing to operate the Facility as a Ramada guest lodging facility and by losing possession of the Facility to their lender.

44.    On or about August 14, 2002, RWI learned that Shri Ohm had failed to pay its electric bill and ceased operation when its electricity was shut off by the electric company, City Water, Light and Power.  Shortly thereafter, RWI learned that Shri Ohm had unilaterally terminated the License Agreement by ceasing to operate the Facility as a Ramada® facility and losing possession of the Facility to its lender.

45.    By letter dated October 16, 2002, RWI acknowledged the termination of the License Agreement, effective October 1, 2002, and advised Shri Ohm that (a) it was to discontinue the use of all signage and other items bearing the Ramada Marks, perform all post-termination obligations, change all signs, billboards, and listings in telephone directories, travel guides, hotel indexes and similar materials in which the Facility is identified as a Ramada, and

remove the marks from any advertising or promotional activities, and (b) it was required to pay to RWI as liquidated damages for premature termination the sum of $120,000.00 as required under section 18.4 the License Agreement; all outstanding Recurring Fees, at that time estimated to be $100,878.98; and all additional monies to which RWI is entitled under the parties' agreements. A true copy of the October 16, 2002, is attached to the Complaint as Exhibit F and is attached to RWI's Memorandum in Support of its Motion for Summary Judgment as Exhibit 10.

46.     By letter dated October 27, 2004, RWI further notified Desai and Femmer, in their capacities as guarantors of the License Agreement and Assignment and Assumption Agreement, that they were personally responsible for the payment of "the outstanding royalties and fees, and liquidated damages owed under the License Agreement." A true and correct copy of the October 27, 2004 letter is attached to RWI's Memorandum in Support of its Motion for Summary Judgment as Exhibit 10.

47.     Despite their obligation to do so, Desai and Femmer have not fulfilled their contractual obligations.

### Damages

### Recurring Fees

48.     As of November 8, 2005, the amount of Recurring Fees due from Desai and Femmer to RWI pursuant to the License Agreement, Assignment and Assumption Agreement and Guaranty Agreements is $140,901.82.

49.     The amounts of past due Recurring Fees due from Desai and Femmer, as set forth in the preceding paragraph, was calculated using an itemized statement for the Facility dated November 8, 2005, covering Recurring Fees owed by Desai and Femmer from October 1999 to

the present. The Itemized Statement was compiled and printed by RWI's Finance Department. RWI's Finance Department has regular responsibility for maintaining such records in the ordinary course of our business. A true and correct copy of the November 8, 2005 Itemized Statement is attached hereto as Exhibit A.

50.     On August 14, 2001, Shree Ohm, Inc. and Jhala provided to RWI a promissory note in the amount of $15,000.00, which amount reflected a portion of unpaid Recurring Fees already due to RWI under the terms of the License Agreement and Guaranty agreements. A true and correct copy of the August 14, 2001 promissory note ("Note") is attached hereto as Exhibit B. By way of the Note, Shree and Jhala entered into a payment plan for $15,000 in previously-owing Recurring Fees, promising to pay that amount by October 15, 2001.[1] The amount of the Note simply consolidates a portion of Recurring Fees already owed under the License Agreement, and does not reflect a new charge for any other amounts or for any different or new purpose. The entry for the Note on the Itemized Statement evidenced the existing obligation to pay Recurring Fees, an obligation that was not extinguished by the Note (see n.1, *supra*).

51.     The line item for the Note is included on the November 8, 2005 Itemized Statement because this $15,000 charge represents a consolidated sum of past Recurring Fees that were already owing under Section 7 and Schedule C of the License Agreement, under a new, extended due date of October 1, 2001 which RWI permitted to the Facility for this amount of

---

[1] Pursuant to the Note, the $15,000 debt would be discharged if the Facility received a Quality Assurance ("QA") score of 425 or higher on or before October 1, 2001. (See Note, par. 1.) The Facility failed to achieve such a score, as confirmed by the QA reports for the Facility, true and correct copies of which are attached to the Complaint as Group Exhibit D and RWI's Memorandum in Support of its Motion for Summary Judgment as Group Exhibit 7. (Complaint, ¶ 32 & Ex. D thereto.) RWI prepared and maintains these QA reports in the regular course of its business.

past-due Recurring Fees. Importantly, this $15,000 charge does not duplicate or double-count any prior charges reflected on the Itemized Statement.

52.     Both Desai and Femmer are each responsible for the $15,000 charge reflected on the Itemized Statement because the charge merely reflects a consolidation of Recurring Fees that were already owed by both of them pursuant to Section 7 and Schedule C of the License Agreement and the January 12, 1996 Guaranty that they provided to RWI. While the Note represents an additional promise by Jhala to pay this $15,000 in past-due Recurring Fees by October 15, 2001, the Note also reflected and did not extinguish the existing obligations of Desai and Femmer to pay, jointly and severally, this amount of past-due Recurring Fees which they already owed under the January 12, 1996 Guaranty.[2]

53.     Accordingly, RWI seeks this $15,000 in past-due Recurring Fees from Desai and Femmer, jointly and severally, pursuant to the terms of the License Agreement, and the January 12, 1996 Guaranty.

54.     The Itemized Statement includes accrued interest. Pursuant to section 7.3 of the License Agreement, RWI is entitled to interest on past due amounts calculated at the legal rate of interest of 1.5% per month. Interest is calculated at the rate of 1.5% monthly, per days in the month, on items that are over thirty days past due. Interest is not calculated on finance charges or accruals.

55.     To date, Desai and Femmer have failed to pay any of the Recurring Fees that are due to RWI.

---

[2] RWI, by its Motion for Summary Judgment, seeks to collect the Recurring Fees owed by the former franchisee and its guarantors. RWI does not seek to enforce the terms of the Note through this proceeding, but instead provides the Note to the Court to explain that its entry on the Itemized Statement constitutes further evidence of the existing obligation of Desai and Femmer to pay Recurring Fees (including this $15,000 amount) for the time period covered by their January 12, 1996 Guaranty.

56.    RWI is entitled to an award of damages of Recurring Fees, with interest, in the current amount of $140,901.82 from Desai and Femmer.

### Liquidated Damages

57.    RWI is also seeking Liquidated Damages in the amount of $83,691.00 that became due as a result of the premature termination of the License Agreement pursuant to sections 12.1 and 18.4 of the License Agreement. Pursuant to Section 7.3, RWI is also entitled to interest on this amount calculated at the legal rate of interest of 1.5% per month in the amount of $45,193.14 from November 1, 2002 (30 days after the date of termination) through November 11, 2005 (the date of filing of this Motion for Summary Judgment).

58.    Desai and Femmer have not paid any of the Liquidated Damages for premature termination of the License Agreement set forth in the preceding paragraph.

59.    The purpose of the Liquidated Damages clause is to compensate RWI for the damages it suffers if a license agreement terminates before expiration. Defendants acknowledged in Section 12 of the License Agreement that the Liquidated Damages clause is not a penalty. Instead, the original formula set forth in Section 12.1 represented a good faith pre-estimate of the monetary loss that RWI would sustain when a licensee causes the premature termination of a license agreement, based on historical system experience. The actual damages which the clause seeks to forecast are in the nature of lost monthly royalties and other payments (Recurring Fees) that RWI would otherwise have received but for the termination.

60.    The parties recognized that a premature termination of the License Agreement between RWI and Defendants would deprive RWI of all future royalties and related fees that it otherwise would have received until the year 2011. The purpose of including Liquidated

Damages in the License Agreement is to compensate RWI for the damages it suffers as a result of the breach of a License Agreement.

61.     It is difficult, if not impossible, to calculate precisely the actual damages suffered by RWI by a premature termination, because royalties are based on a percentage of room revenue. There is no way precisely to calculate what the Facility' s room revenue would have been between the termination date of October 1, 2002 and the expiration date of the License Agreement on January 11, 2011.

62.     Liquidated Damages clauses are a feature of almost every license agreement used by RWI. There are a number of considerations involved in the formula, which RWI established, through the Liquidated Damages clause, to forecast the extent of its monetary loss in the event of a premature termination of a license agreement with a franchisee.

63.     It is difficult for a guest lodging facility franchise company such as RWI to replace a lost franchise in a given market. Doing so can take a considerable amount of time, which represents the basis for that portion of the liquidated damages formula based on an amount equivalent to the Recurring Fees RWI would have received for more than eight years had the franchise agreement remained in place.

64.     Even with the assumption that a franchise can be replaced, however, it is RWI's experience that the replacement franchise may not be as large as the terminated franchise. Also, as a new business enterprise, the replacement franchise typically generates less revenue, at least initially, than the terminated franchise generated, and it can take additional months of operation, on average, for the replacement franchise to generate an equivalent revenue stream.

65.     An additional reason for liquidated damages clauses is that the fees paid to RWI in the 24 months prior to termination, particularly where the Facility is operating in a degraded

15

condition, are not the fees that RWI normally would earn if the Facility was in compliance with the License Agreement and RWI's quality standards.

66.    RWI has attempted to replace this site since the premature termination of the License Agreement in October 1, 2002. However, these attempts have been unsuccessful and there is currently no Ramada in Springfield, Illinois.

67.    Pursuant to section 7 and Schedule C of the License Agreement, prior to termination, Shri Ohm was required to make certain periodic payments to RWI for royalties, RINA service assessment fees, taxes, interest, reservation system user fees, annual conference fees, and other fees (collectively, "Recurring Fees"). Section 12.1 of the License Agreement provides formulae for calculating liquidated damages, including calculations using 24 months of Royalty and RINA Service Assessment Fees ("RINA Fees").

68.    The amount of Royalties and RINA Fees that accrued during the 24 full calendar months immediately preceding termination of the License Agreement totals $83,691.00.

69.    The amount of Royalties and RINA Fees set forth in the preceding paragraph was calculated using (a) a "Property Summary of Royalties" report for the Facility dated June 9, 2005 ("Summary Report") , a true copy of which is attached hereto as Exhibit C, and (b) the Itemized Statement, attached as Exhibit A, (together, the "Statements"). The Statements were prepared by RWI with historical data maintained on its computerized system.

70.    The Summary Report reflects accrued Royalty and RINA Fees for the first 20 months of the applicable 24-month period (*i.e.*, October 2000 through May 2002), broken down into two segments:  (1) Royalties (listed under the "Room" column on the Report), and (2) RINA Fees (listed under the "Adv" column on the Report).  The total Royalty and RINA Fee amounts

16

for the Facility for this time period total $65,291.00. Interest and finance charges have not been included.

71.    The Summary Report does not reflect the Royalty and RINA Fee amounts for the remaining four months of the applicable 24 month period (*i.e.*, June 2002 through September 2002), during which time the charges were accruals. These amounts are instead reflected on the Itemized Statement for the Facility. (<u>See</u> Ex. A, pp. 5-8, entries followed by the notation "ACR".) The Royalties and RINA Fee amounts for this time period total $18,400.00. Interest and finance charges have not been included.

72.    Added together, the figures from these two Statements reflect the amount of accrued Royalties and RINA Fees for the Facility during the 24 full calendar months immediately preceding termination, or $83,691.00.

73.    These Statements were compiled by RWI's Finance Department, acting at RWI's direction and under its control. RWI's Finance Department has regular responsibility for maintaining such records in the ordinary course of our business.

### Other Damages

74.    In addition to the amounts described above, RWI is entitled to interest accruing after the date of entry of RWI's Motion for Summary Judgment until the judgment is paid in full.

75.    RWI also has incurred attorneys' fees, costs and expenses, for which it is owed reimbursement from Desai and Femmer pursuant to Section 17.4 of the License Agreement, Assignment and Assumption Agreement and the Guaranty Agreements.

### Defendants Desai and Femmer

76.    Defendants Desai and Femmer are not infants, incompetent persons or in military service.

Further affiant sayeth not.

DATED: November 10, 2005

_____
Kathy Cox

SUBSCRIBED and SWORN to before me this
11th day of November, 2005 in Parsippany,
New Jersey.

_____
My commission expires: 6/2006

LINDSAY A MULLER
CHI\437NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES

18

# EXHIBIT A

ATTENTION:                                          FAX:

ITEMIZED STATEMENT                                  PAGE 1
FOR RAM     #7963-89888 - Springfield-South, IL
AS OF 2005-11-08

| MONTH | RELATION NBR | ITEM DATE | DESC | AMOUNT DUE | |
|-------|--------------|-----------|------|-----------|---|
| 10 | TA2625089-01 | 1999-10-30 | T/A COMMISSIONS | 213.60 | |
|    | TA2625089-01 | 2001-07-26 | T/A COMMISSIONS | -213.60 | |
|    | TA2625089-01 | 2001-08-17 | T/A COMMISSIONS | -30.80 | |
|    | TA2625089-01 | 1999-10-30 | T/A COMMISSIONS | 213.60 | |
|    |              |            |                 | 182.80 | |
| 12 | IN0561269-01 | 2000-12-27 | G/S Dave Emerson | 25.00 | |
|    | IN0561269-02 | 2000-12-27 | TRANS CHG Dave Emers | 25.00 | |
|    | IN0562333-01 | 2000-12-29 | DEC-MSI MAINT. | 258.33 | |
|    | TA2709951-01 | 2000-12-29 | T/A COMMISSIONS | 16.20 | |
|    | TA2709951-01 | 2000-12-29 | T/A COMMISSIONS | 1.05 | |
|    | TP3709951-01 | 2000-12-29 | AIRLINE RESV FEE | 25.75 | |
|    | MV0565105-01 | 2000-12-31 | ROYALTY FEE | 629.00 | |
|    | MV0565105-01 | 2001-08-07 | ROYALTY FEE | -386.56 | |
|    |              |            |                 | 593.77 | |
| 2 | IN0580263-01 | 2001-02-12 | G/S Barbara Awalt | 40.00 | |
|    | IN0580263-02 | 2001-02-12 | TRANS CHG Barbara Aw | 25.00 | |
|    | TA2721034-01 | 2001-02-24 | T/A COMMISSIONS | 52.62 | |
|    | TA2721034-01 | 2001-02-24 | T/A COMMISSIONS | 2.45 | |
|    | TP3721034-01 | 2001-02-24 | AIRLINE RESV FEE | 28.75 | |
|    | IN0588609-01 | 2001-02-28 | FEB-MSI MAINT. | 258.33 | |
|    | MV0565107-01 | 2001-02-28 | ROYALTY FEE | 999.00 | |
|    | MV0565107-02 | 2001-02-28 | RINA FEE | 1,124.00 | |
|    | MV0565107-02 | 2001-08-21 | RINA FEE | -694.35 | |
|    |              |            |                 | 1,835.80 | |
| 3 | FC0175603-01 | 2001-03-31 | FINANCE CHARGE | 396.64 | |
|    | IN0603598-01 | 2001-03-31 | MAR-MSI MAINT. | 258.33 | |
|    | MV0565108-01 | 2001-03-31 | ROYALTY FEE | 1,753.00 | |
|    | MV0565108-02 | 2001-03-31 | RINA FEE | 1,972.00 | |
|    | TP3726908-01 | 2001-03-31 | AIRLINE RESV FEE | 10.00 | |
|    |              |            |                 | 4,389.97 | |
| 4 | FC0178511-01 | 2001-04-30 | FINANCE CHARGE | 559.83 | |
|    | MV0571128-01 | 2001-04-30 | ROYALTY FEE | 1,922.00 | |
|    | MV0571128-02 | 2001-04-30 | RINA FEE | 2,162.00 | |
|    |              |            |                 | 4,643.83 | |

FROM:   ROBERT KOLATAC
CENDANT HOTEL GROUP, INC.
1 SYLVAN WAY
PARSIPPANY, NJ 07054
PH:(973)496-5457                    RETURN FAX:(973)496-7030

ATTENTION:

FAX:

ITEMIZED STATEMENT
FOR RAM   #7963-89888 - Springfield-South, IL
AS OF 2005-11-08

PAGE 2

| MONTH | RELATION NBR | ITEM DATE | DESC | AMOUNT DUE | |
|-------|-----|-----|------|-----|---|
| 5 | FC0181386-01 | 2001-05-31 | FINANCE CHARGE | 633.63 | |
| | IN0625069-01 | 2001-05-31 | JUN-MSI SOFTWR MAINT | 274.09 | |
| | | | | 907.72 | |
| 6 | IN0628587-01 | 2001-06-11 | JUN-MSI SOFTWR MAINT | 274.09 | |
| | IN0633887-01 | 2001-06-25 | JUN-PPU HARDWARE MAI | 88.00 | |
| | TA2744915-01 | 2001-06-29 | T/A COMMISSIONS | 141.00 | |
| | TA2744915-01 | 2001-06-29 | T/A COMMISSIONS | 7.70 | |
| | TP3744915-01 | 2001-06-29 | AIRLINE RESV FEE | 46.25 | |
| | FC0184151-01 | 2001-06-30 | FINANCE CHARGE | 472.30 | |
| | | | | 1,029.34 | |
| 7 | IN0639989-01 | 2001-07-09 | G/S Nancy Cardinale | 20.00 | |
| | IN0639989-02 | 2001-07-09 | TRANS CHG Nancy Card | 25.00 | |
| | IN0640479-01 | 2001-07-09 | JLY-MSI SOFTWR MAINT | 274.09 | |
| | IN0647076-01 | 2001-07-23 | PROCS CHG Lisa Cowgi | 10.00 | |
| | IN0647076-02 | 2001-07-23 | PROCS CHG Laurie Nov | 10.00 | |
| | IN0649149-01 | 2001-07-25 | JLY-PPU HARDWARE MAI | 88.00 | |
| | TA2751046-01 | 2001-07-28 | T/A COMMISSIONS | 80.08 | |
| | TA2751046-01 | 2001-07-28 | T/A COMMISSIONS | 1.75 | |
| | TP3751046-01 | 2001-07-28 | AIRLINE RESV FEE | 13.75 | |
| | IN0652236-01 | 2001-07-30 | G/S Susane Rio | 44.40 | |
| | IN0652236-02 | 2001-07-30 | TRANS CHG Susane Rio | 25.00 | |
| | IN0652236-03 | 2001-07-30 | PROCS CHG Susan Pogu | 10.00 | |
| | FC0186880-01 | 2001-07-31 | FINANCE CHARGE | 382.13 | |
| | | | | 984.20 | |
| 8 | IN0657729-01 | 2001-08-06 | PROCS CHG Peg Hasset | 10.00 | |
| | IN0657729-02 | 2001-08-06 | G/S Laurie Noveteney | 40.00 | |
| | IN0657729-03 | 2001-08-06 | TRANS CHG Laurie Nov | 25.00 | |
| | IN0657729-04 | 2001-08-06 | PROCS CHG Joel Stoke | 10.00 | |
| | IN0659556-01 | 2001-08-09 | AUG-MSI SOFTWR MAINT | 274.09 | |
| | IN0660460-01 | 2001-08-13 | G/S Peg Hassett | 25.00 | |
| | IN0660460-02 | 2001-08-13 | TRANS CHG Peg Hasset | 25.00 | |
| | IN0669101-01 | 2001-08-27 | AUG-PPU HARDWARE MAI | 88.00 | |
| | IN0670381-01 | 2001-08-28 | PROCS CHG Denham | -10.00 | |
| | FC0189470-01 | 2001-08-31 | FINANCE CHARGE | 176.13 | |
| | IN0674311-01 | 2001-08-31 | PROCS CHG Diane Putn | 10.00 | |
| | MV0614578-01 | 2001-08-31 | ROYALTY FEE | 2,576.20 | |
| | MV0614578-02 | 2001-08-31 | RINA FEE | 2,898.22 | |

FROM:  ROBERT KOLATAC
CENDANT HOTEL GROUP, INC.
1 SYLVAN WAY
PARSIPPANY, NJ 07054
PH:(973)496-5457

RETURN FAX:(973)496-7030

ATTENTION:                                          FAX:

ITEMIZED STATEMENT                                  PAGE 3
FOR RAM   #7963-89888 - Springfield-South, IL
AS OF 2005-11-08

| MONTH | RELATION NBR | ITEM DATE | DESC | AMOUNT DUE | |
|-------|--------------|-----------|------|-----------|---|
| 8 | TA2757261-01 | 2001-08-31 | T/A COMMISSIONS | 776.90 | |
| | TA2757261-01 | 2001-08-31 | T/A COMMISSIONS | 35.70 | |
| | TP3757261-01 | 2001-08-31 | AIRLINE RESV FEE | 363.00 | |
| | | | | 7,323.24 | |
| 9 | IN0676276-01 | 2001-09-10 | PROCS CHG David Camp | 10.00 | |
| | IN0677058-01 | 2001-09-10 | SEP-MSI SOFTWR MAINT | 274.09 | |
| | IN0685383-01 | 2001-09-25 | SEP-PPU HARDWARE MAI | 88.00 | |
| | TA2763380-01 | 2001-09-28 | T/A COMMISSIONS | 184.17 | |
| | TA2763380-01 | 2001-09-28 | T/A COMMISSIONS | 9.80 | |
| | TP3763380-01 | 2001-09-28 | AIRLINE RESV FEE | 118.00 | |
| | FC0192172-01 | 2001-09-30 | FINANCE CHARGE | 179.39 | |
| | MV0614579-01 | 2001-09-30 | ROYALTY FEE | 1,688.36 | |
| | MV0614579-02 | 2001-09-30 | RINA FEE | 1,899.40 | |
| | | | | 4,451.21 | |
| 10 | IN0694450-01 | 2001-10-09 | OCT-MSI SOFTWR MAINT | 274.09 | |
| | IN0696737-01 | 2001-10-15 | OCT-PROMISSORY NOTE | 15,000.00 | |
| | IN0701223-01 | 2001-10-25 | OCT-PPU HARDWARE MAI | 88.00 | |
| | TA2771358-01 | 2001-10-27 | T/A COMMISSIONS | 32.52 | |
| | TA2771358-01 | 2001-10-27 | T/A COMMISSIONS | 1.75 | |
| | TP3771358-01 | 2001-10-27 | AIRLINE RESV FEE | 29.00 | |
| | FC0194970-01 | 2001-10-31 | FINANCE CHARGE | 211.04 | |
| | MV0614580-01 | 2001-10-31 | ROYALTY FEE | 2,260.02 | |
| | MV0614580-02 | 2001-10-31 | RINA FEE | 2,542.52 | |
| | | | | 20,438.94 | |
| 11 | IN0710898-01 | 2001-11-09 | NOV-MSI SOFTWR MAINT | 274.09 | |
| | IN0717438-01 | 2001-11-26 | NOV-PPU HARDWARE MAI | 88.00 | |
| | FC0197781-01 | 2001-11-30 | FINANCE CHARGE | 336.84 | |
| | MV0669106-01 | 2001-11-30 | ROYALTY FEE | 1,399.00 | |
| | MV0669106-02 | 2001-11-30 | RINA FEE | 1,574.00 | |
| | TA2777632-01 | 2001-11-30 | T/A COMMISSIONS | 34.98 | |
| | TA2777632-01 | 2001-11-30 | T/A COMMISSIONS | 1.40 | |
| | TP3777632-01 | 2001-11-30 | AIRLINE RESV FEE | 12.00 | |
| | | | | 3,720.31 | |
| 12 | IN0727602-01 | 2001-12-10 | DEC-MSI SOFTWR MAINT | 274.09 | |
| | IN0731018-01 | 2001-12-20 | Q/A REINSPECTION | 300.00 | |

FROM:  ROBERT KOLATAC
CENDANT HOTEL GROUP, INC.
1 SYLVAN WAY
PARSIPPANY, NJ 07054
PH:(973)496-5457                    RETURN FAX:(973)496-7030

ATTENTION:                                          FAX:

                                                    PAGE 4

ITEMIZED STATEMENT
FOR RAM    #7963-89888 - Springfield-South, IL
AS OF 2005-11-08

| MONTH | RELATION NBR | ITEM DATE | DESC | AMOUNT DUE | |
|---|---|---|---|---|---|
| 12 | IN0732409-01 | 2001-12-25 | DEC-PPU HARDWARE MAI | 88.00 | |
| | FC0200752-01 | 2001-12-31 | FINANCE CHARGE | 652.59 | |
| | MV0669107-01 | 2001-12-31 | ROYALTY FEE | 683.00 | |
| | MV0669107-02 | 2001-12-31 | RINA FEE | 769.00 | |
| | | | | 2,766.68 | |
| 1 | IN0742166-01 | 2002-01-09 | JAN-MSI SOFTWR MAINT | 274.09 | |
| | IN0747725-01 | 2002-01-25 | JAN-PPU HARDWARE MAI | 88.00 | |
| | FC0203725-01 | 2002-01-31 | FINANCE CHARGE | 675.59 | |
| | MV0669108-01 | 2002-01-31 | ROYALTY FEE | 698.00 | |
| | MV0669108-02 | 2002-01-31 | RINA FEE | 785.00 | |
| | | | | 2,520.68 | |
| 2 | IN0757650-01 | 2002-02-11 | FEB-MSI SOFTWR MAINT | 274.09 | |
| | IN0762876-01 | 2002-02-25 | FEB-PPU HARDWARE MAI | 88.00 | |
| | FC0206621-01 | 2002-02-28 | FINANCE CHARGE | 619.52 | |
| | MV0669109-01 | 2002-02-28 | ROYALTY FEE | 1,166.00 | |
| | MV0669109-02 | 2002-02-28 | RINA FEE | 1,312.00 | |
| | | | | 3,459.61 | |
| 3 | IN0772522-01 | 2002-03-11 | MAR-MSI SOFTWR MAINT | 274.09 | |
| | IN0778209-01 | 2002-03-25 | MAR-PPU HARDWARE MAI | 88.00 | |
| | FC0209343-01 | 2002-03-31 | FINANCE CHARGE | 691.26 | |
| | MV0669110-01 | 2002-03-31 | ROYALTY FEE | 1,332.00 | |
| | MV0669110-02 | 2002-03-31 | RINA FEE | 1,499.00 | |
| | | | | 3,884.35 | |
| 4 | IN0787741-01 | 2002-04-09 | APR-MSI SOFTWR MAINT | 274.09 | |
| | IN0789393-01 | 2002-04-15 | G/S Tim Schroll | 25.00 | |
| | IN0789393-02 | 2002-04-15 | TRANS CHG Tim Schrol | 25.00 | |
| | IN0794246-01 | 2002-04-25 | APR-PPU HARDWARE MAI | 88.00 | |
| | FC0212123-01 | 2002-04-30 | FINANCE CHARGE | 674.40 | |
| | MV0669111-01 | 2002-04-30 | ROYALTY FEE | 1,706.00 | |
| | MV0669111-02 | 2002-04-30 | RINA FEE | 1,919.00 | |
| | | | | 4,711.49 | |
| 5 | IN0807584-01 | 2002-05-20 | G/S William Collins | 30.00 | |
| | IN0807584-02 | 2002-05-20 | TRANS CHG William Co | 25.00 | |

FROM:  ROBERT KOLATAC
CENDANT HOTEL GROUP, INC.
1 SYLVAN WAY
PARSIPPANY, NJ 07054
PH:(973)496-5457                          RETURN FAX:(973)496-7030

FAX:

ATTENTION:

PAGE 5

ITEMIZED STATEMENT
FOR RAM   #7963-89888 - Springfield-South, IL
AS OF 2005-11-08

| MONTH | RELATION NBR | ITEM DATE | DESC | AMOUNT DUE | |
|-------|--------------|-----------|------|------------|---|
| 5 | IN0810200-01 | 2002-05-27 | MAY-PPU HARDWARE MAI | 88.00 | |
| | IN0811483-01 | 2002-05-28 | TRANS CHG David Piep | 25.00 | |
| | IN0811483-02 | 2002-05-28 | PROCS CHG Sharon Gil | 10.00 | |
| | FC0214913-01 | 2002-05-31 | FINANCE CHARGE | 702.34 | |
| | IN0813836-01 | 2002-05-31 | MAY-MSI SOFTWR MAINT | 274.09 | |
| | IN0816080-01 | 2002-05-31 | G/S David Pieplow | 53.00 | |
| | MV0669112-01 | 2002-05-31 | ROYALTY FEE | 1,847.00 | |
| | MV0669112-02 | 2002-05-31 | RINA FEE | 2,078.00 | |
| | | | | 5,132.43 | |
| 6 | IN0824755-01 | 2002-06-24 | PROCS CHG Twila Cart | 10.00 | |
| | IN0824755-02 | 2002-06-24 | PROCS CHG Don Spinde | 10.00 | |
| | IN0824755-03 | 2002-06-24 | PROCS CHG Debra Hend | 10.00 | |
| | 79630206A-01 | 2002-06-28 | ROYALTY ACCRUAL | 2,100.00 | ACR |
| | 79630206A-10 | 2002-06-28 | RINA FEE ACCRUAL | 2,400.00 | ACR |
| | FC0217626-01 | 2002-06-29 | FINANCE CHARGE | 893.68 | |
| | IN0829113-01 | 2002-06-29 | PROCS CHG Belinda Ba | 10.00 | |
| | IN0829113-02 | 2002-06-29 | PROCS CHG Tracy Rees | 10.00 | |
| | IN0829113-03 | 2002-06-29 | PROCS CHG Gary Berra | 10.00 | |
| | IN0829113-04 | 2002-06-29 | PROCS CHG Beth Burnh | 10.00 | |
| | IN0830749-01 | 2002-06-29 | JUN-MSI SOFTWR MAINT | 274.09 | |
| | | | | 5,737.77 | |
| 7 | IN0833480-01 | 2002-07-09 | G/S Twila Carter | 25.00 | |
| | IN0833480-02 | 2002-07-09 | TRANS CHG Twila Cart | 25.00 | |
| | IN0833480-03 | 2002-07-09 | G/S Don Spindel | 30.00 | |
| | IN0833480-04 | 2002-07-09 | TRANS CHG Don Spinde | 25.00 | |
| | IN0833480-05 | 2002-07-09 | TRANS CHG Ed Melling | 25.00 | |
| | IN0833480-06 | 2002-07-09 | PROCS CHG Pat Crowle | 10.00 | |
| | IN0833480-07 | 2002-07-09 | PROCS CHG Gail Dasti | 10.00 | |
| | IN0833480-08 | 2002-07-09 | PROCS CHG Laurie Gra | 10.00 | |
| | IN0833480-09 | 2002-07-09 | PROCS CHG Joan Hofri | 10.00 | |
| | IN0833480-10 | 2002-07-09 | PROCS CHG Kenneth Be | 10.00 | |
| | IN0833480-11 | 2002-07-09 | PROCS CHG John Germa | 10.00 | |
| | IN0833480-12 | 2002-07-09 | PROCS CHG Regina Men | 10.00 | |
| | IN0833480-13 | 2002-07-09 | PROCS CHG Marshawn S | 10.00 | |
| | IN0833480-14 | 2002-07-09 | PROCS CHG Susan Hoff | 10.00 | |
| | IN0835738-01 | 2002-07-15 | PROCS CHG Barbara J. | 10.00 | |
| | IN0835738-02 | 2002-07-15 | PROCS CHG Barry Manh | 10.00 | |
| | IN0835738-03 | 2002-07-15 | PROCS CHG Roger Imle | 10.00 | |
| | IN0835738-04 | 2002-07-15 | PROCS CHG Steven Sto | 10.00 | |

FROM:  ROBERT KOLATAC
CENDANT HOTEL GROUP, INC.
1 SYLVAN WAY
PARSIPPANY, NJ 07054
PH:(973)496-5457                    RETURN FAX:(973)496-7030

ATTENTION:                                    FAX:

ITEMIZED STATEMENT                            PAGE 6
FOR RAM    #7963-89888 - Springfield-South, IL
AS OF 2005-11-08

| MONTH | RELATION NBR | ITEM DATE | DESC | AMOUNT DUE | |
|-------|--------------|-----------|------|-----------|----|
| 7 | IN0839406-01 | 2002-07-22 | G/S Beth Burnham | 50.00 | |
| | IN0839406-02 | 2002-07-22 | G/S Belinda Baker | 30.00 | |
| | IN0839406-03 | 2002-07-22 | TRANS CHG Belinda Ba | 25.00 | |
| | IN0839406-04 | 2002-07-22 | TRANS CHG Beth Burnh | 25.00 | |
| | IN0839406-05 | 2002-07-22 | G/S Marshawn Stevens | 25.00 | |
| | IN0839406-06 | 2002-07-22 | G/S Pat Crowley | 25.00 | |
| | IN0839406-07 | 2002-07-22 | G/S Gail Dastice | 45.00 | |
| | IN0839406-08 | 2002-07-22 | G/S Regina Mendicino | 25.00 | |
| | IN0839406-09 | 2002-07-22 | TRANS CHG Regina Men | 25.00 | |
| | IN0839406-10 | 2002-07-22 | TRANS CHG Pat Crowle | 25.00 | |
| | IN0839406-11 | 2002-07-22 | TRANS CHG Gail Dasti | 25.00 | |
| | IN0839406-12 | 2002-07-22 | TRANS CHG Marshawn S | 25.00 | |
| | IN0839406-13 | 2002-07-22 | PROCS CHG Susan Newm | 10.00 | |
| | IN0839406-14 | 2002-07-22 | PROCS CHG Jennifer B | 10.00 | |
| | IN0842861-01 | 2002-07-29 | AUDIT ROYALTY | 174.36 | |
| | IN0842861-02 | 2002-07-29 | AUDIT RINA FEE | 196.16 | |
| | IN0842861-03 | 2002-07-29 | AUDIT INTEREST FEE | 105.25 | |
| | IN0842862-01 | 2002-07-29 | G/S Susan Neuman | 30.00 | |
| | IN0842862-02 | 2002-07-29 | TRANS CHG Susan Neum | 25.00 | |
| | IN0842862-03 | 2002-07-29 | PROCS CHG Deb Johnst | 10.00 | |
| | 79630207A-01 | 2002-07-31 | ROYALTY ACCRUAL | 2,300.00 | ACR |
| | 79630207A-10 | 2002-07-31 | RINA FEE ACCRUAL | 2,500.00 | ACR |
| | FC0220464-01 | 2002-07-31 | FINANCE CHARGE | 989.64 | |
| | IN0847028-01 | 2002-07-31 | JLY-MSI SOFTWR MAINT | 274.09 | |
| | | | | 7,234.50 | |
| 8 | IN0849810-01 | 2002-08-06 | G/S Debra Hendrickso | 30.00 | |
| | IN0849810-02 | 2002-08-06 | TRANS CHG Debra Hend | 25.00 | |
| | IN0849810-03 | 2002-08-06 | G/S Steven Stout | 25.00 | |
| | IN0849810-04 | 2002-08-06 | TRANS CHG Steven Sto | 25.00 | |
| | IN0849810-05 | 2002-08-06 | PROCS CHG Ronald G. | 10.00 | |
| | IN0851457-01 | 2002-08-12 | PROCS CHG Richard Du | 10.00 | |
| | IN0851457-02 | 2002-08-12 | PROCS CHG Ron Gilpin | 10.00 | |
| | IN0851457-03 | 2002-08-12 | PROCS CHG Bryce Bach | 10.00 | |
| | IN0851457-04 | 2002-08-12 | PROCS CHG Angie Toll | 10.00 | |
| | IN0851457-05 | 2002-08-12 | PROCS CHG Michelle M | 10.00 | |
| | IN0855043-01 | 2002-08-16 | Q/A REINSPECTION | 300.00 | |
| | IN0855999-01 | 2002-08-19 | PROCS CHG Donna Davi | 10.00 | |
| | IN0855999-02 | 2002-08-19 | PROCS CHG Rich Anzal | 10.00 | |
| | IN0855999-03 | 2002-08-19 | PROCS CHG Mike Dough | 10.00 | |
| | IN0855999-04 | 2002-08-19 | PROCS CHG John Zurli | 10.00 | |
| | IN0855999-05 | 2002-08-19 | PROCS CHG Robert McC | 10.00 | |

FROM:  ROBERT KOLATAC
CENDANT HOTEL GROUP, INC.
1 SYLVAN WAY
PARSIPPANY, NJ 07054
PH:(973)496-5457                    RETURN FAX:(973)496-7030

ATTENTION:                                              FAX:

ITEMIZED STATEMENT                                      PAGE 7
FOR RAM    #7963-89888 - Springfield-South, IL
AS OF 2005-11-08

| MONTH | RELATION NBR | ITEM DATE | DESC | AMOUNT DUE | |
|-------|------------|-----------|------|-----------|---|
| 8 | IN0855999-06 | 2002-08-19 | PROCS CHG Kelly Myat | 10.00 | |
| | IN0855999-07 | 2002-08-19 | PROCS CHG Judith Wey | 10.00 | |
| | IN0855999-08 | 2002-08-19 | PROCS CHG Nadine Kan | 10.00 | |
| | IN0855999-09 | 2002-08-19 | PROCS CHG Peggy Cumb | 10.00 | |
| | IN0855999-10 | 2002-08-19 | PROCS CHG Eileen Con | 10.00 | |
| | IN0855999-11 | 2002-08-19 | PROCS CHG Herman Han | 10.00 | |
| | IN0855999-12 | 2002-08-19 | PROCS CHG Jim Sutton | 10.00 | |
| | IN0855999-13 | 2002-08-19 | PROCS CHG Stacy Boou | 10.00 | |
| | IN0855999-14 | 2002-08-19 | PROCS CHG Larry Case | 10.00 | |
| | IN0855999-15 | 2002-08-19 | PROCS CHG Ted Golebi | 10.00 | |
| | IN0855999-16 | 2002-08-19 | PROCS CHG Terry Dill | 10.00 | |
| | IN0855999-17 | 2002-08-19 | PROCS CHG Sue Daly | 10.00 | |
| | IN0855999-18 | 2002-08-19 | PROCS CHG Alice Rags | 10.00 | |
| | IN0855999-19 | 2002-08-19 | PROCS CHG Bob Bricks | 10.00 | |
| | IN0858496-01 | 2002-08-26 | G/S Erin Williamson | 200.00 | |
| | IN0858496-02 | 2002-08-26 | G/S James McCoy | 27.56 | |
| | IN0858496-03 | 2002-08-26 | TRANS CHG James McCo | 25.00 | |
| | IN0858496-04 | 2002-08-26 | PROCS CHG Sara Riche | 10.00 | |
| | IN0858496-05 | 2002-08-26 | PROCS CHG Anthony Ma | 10.00 | |
| | IN0858496-06 | 2002-08-26 | G/S Joann Zeka | 65.00 | |
| | IN0858496-07 | 2002-08-26 | G/S Robert McCreary | 25.80 | |
| | IN0858496-08 | 2002-08-26 | G/S Nadine Kanack | 45.34 | |
| | IN0858496-09 | 2002-08-26 | G/S Judith Weyburg | 68.00 | |
| | IN0858496-10 | 2002-08-26 | TRANS CHG Nadine Kan | 25.00 | |
| | IN0858496-11 | 2002-08-26 | PROCS CHG Mike Groar | 10.00 | |
| | IN0858496-12 | 2002-08-26 | G/S Jim Sutton | 73.90 | |
| | IN0858496-13 | 2002-08-26 | G/S Herman Hansen | 20.00 | |
| | IN0858496-14 | 2002-08-26 | PROCS CHG Ron Maltes | 10.00 | |
| | IN0858496-15 | 2002-08-26 | G/S Stacy Boouccelli | 108.00 | |
| | IN0858496-16 | 2002-08-26 | G/S Larry Casey | 62.00 | |
| | IN0858496-17 | 2002-08-26 | G/S Ted Golebiowski | 100.00 | |
| | IN0858496-18 | 2002-08-26 | G/S Terry Dill | 35.60 | |
| | IN0858496-19 | 2002-08-26 | G/S Alice Ragsdale | 128.18 | |
| | IN0858496-20 | 2002-08-26 | G/S Sue Daly | 10.00 | |
| | IN0858496-21 | 2002-08-26 | PROCS CHG Dan Kruege | 10.00 | |
| | IN0858496-22 | 2002-08-26 | PROCS CHG Jennifer K | 10.00 | |
| | IN0858496-23 | 2002-08-26 | PROCS CHG Roop Agarw | 10.00 | |
| | IN0858496-24 | 2002-08-26 | PROCS CHG Claire Rob | 10.00 | |
| | 79630208A-01 | 2002-08-31 | ROYALTY ACCRUAL | 2,600.00 | ACR |
| | 79630208A-10 | 2002-08-31 | RINA FEE ACCRUAL | 2,900.00 | ACR |
| | FC0223281-01 | 2002-08-31 | FINANCE CHARGE | 1,008.54 | |
| | IN0863193-01 | 2002-08-31 | G/S Richard Dutton | 30.00 | |
| | IN0863193-02 | 2002-08-31 | TRANS CHG Richard Du | 25.00 | |

FROM:  ROBERT KOLATAC
CENDANT HOTEL GROUP, INC.
1 SYLVAN WAY
PARSIPPANY, NJ 07054
PH:(973)496-5457                    RETURN FAX:(973)496-7030

FAX:

ATTENTION:

PAGE 8

ITEMIZED STATEMENT
FOR RAM    #7963-89888 - Springfield-South, IL
AS OF 2005-11-08

| MONTH | RELATION NBR | ITEM DATE | DESC | AMOUNT DUE | ---- |
|-------|--------------|-----------|------|-----------|------|
| 8 | IN0863193-03 | 2002-08-31 | G/S Anthony Maurer | 15.00 | |
| | IN0863193-04 | 2002-08-31 | G/S Mike Groark | 20.00 | |
| | IN0863193-05 | 2002-08-31 | TRANS CHG Mike Groar | 25.00 | |
| | IN0863193-06 | 2002-08-31 | G/S Victor Vasquez | 119.90 | |
| | IN0863193-07 | 2002-08-31 | PROCS CHG Victor Vas | 10.00 | |
| | IN0863193-08 | 2002-08-31 | G/S Stacy Boouccelli | 108.00 | |
| | IN0863193-09 | 2002-08-31 | G/S Dan Krueger | 55.00 | |
| | IN0863193-10 | 2002-08-31 | TRANS CHG Dan Kruege | 25.00 | |
| | IN0863193-11 | 2002-08-31 | G/S Warren Lawson | 90.20 | |
| | IN0863193-12 | 2002-08-31 | TRANS CHG Warren Law | 25.00 | |
| | IN0863193-13 | 2002-08-31 | G/S Teresa Scovel | 92.95 | |
| | IN0863193-14 | 2002-08-31 | PROCS CHG Teresa Sco | 10.00 | |
| | IN0864783-01 | 2002-08-31 | AUG-MSI SOFTWR MAINT | 274.09 | |
| | | | | 9,188.06 | |
| 9 | IN0867835-01 | 2002-09-09 | PROCS CHG Dulene Cip | 10.00 | |
| | IN0867835-02 | 2002-09-09 | G/S Claire Robinson | 232.66 | |
| | IN0867835-03 | 2002-09-09 | G/S Linda O'Neal | 100.00 | |
| | IN0867835-04 | 2002-09-09 | PROCS CHG Linda O'Ne | 10.00 | |
| | IN0877378-01 | 2002-09-23 | PROCS CHG Loraine Cu | 10.00 | |
| | IN0877378-02 | 2002-09-23 | G/S Rich Anzalone | 35.00 | |
| | IN0877378-03 | 2002-09-23 | TRANS CHG Rich Anzal | 25.00 | |
| | IN0881145-01 | 2002-09-27 | SEP-PPU HARDWARE MAI | 88.00 | |
| | 79630209A-01 | 2002-09-30 | ROYALTY ACCRUAL | 1,700.00 | ACR |
| | 79630209A-10 | 2002-09-30 | RINA FEE ACCRUAL | 1,900.00 | ACR |
| | FC0226047-01 | 2002-09-30 | FINANCE CHARGE | 997.53 | |
| | IN0882679-01 | 2002-09-30 | PROCS CHG Eric Murra | 10.00 | |
| | IN0884514-01 | 2002-09-30 | SEP-MSI SOFTWR MAINT | 274.09 | |
| | | | | 5,392.28 | |
| 10 | IN0888214-01 | 2002-10-07 | G/S Editha Ray | 350.00 | |
| | IN0891167-01 | 2002-10-14 | G/S Eric Murray | 195.00 | |
| | IN0891167-02 | 2002-10-14 | TRANS CHG Eric Murra | 25.00 | |
| | IN0899351-01 | 2002-10-28 | G/S Sharon Gilbert | 25.00 | |
| | IN0899351-02 | 2002-10-28 | TRANS CHG Sharon Gil | 25.00 | |
| | FC0228830-01 | 2002-10-31 | FINANCE CHARGE | 1,071.40 | |
| | | | | 1,691.40 | |
| 11 | FC0231664-01 | 2002-11-30 | FINANCE CHARGE | 1,049.03 | |

FROM:  ROBERT KOLATAC
CENDANT HOTEL GROUP, INC.
1 SYLVAN WAY
PARSIPPANY, NJ 07054
PH:(973)496-5457

RETURN FAX:(973)496-7030

ATTENTION:                                          FAX:

ITEMIZED STATEMENT                                  PAGE 9
FOR RAM    #7963-89888 - Springfield-South, IL
AS OF 2005-11-08

| MONTH | RELATION NBR | ITEM DATE | DESC | AMOUNT DUE |
|-------|--------------|-----------|------|-----------|
|       |              |           |      | 1,049.03 |
| 12 | FC0234582-01 | 2002-12-31 | FINANCE CHARGE | 1,093.02 |
|    |              |            |                | 1,093.02 |
| 1 | FC0237474-01 | 2003-01-31 | FINANCE CHARGE | 1,093.02 |
|   |              |            |                | 1,093.02 |
| 2 | FC0240566-01 | 2003-02-28 | FINANCE CHARGE | 987.92 |
|   |              |            |                | 987.92 |
| 3 | FC0243557-01 | 2003-03-31 | FINANCE CHARGE | 1,093.02 |
|   |              |            |                | 1,093.02 |
| 4 | FC0246471-01 | 2003-04-30 | FINANCE CHARGE | 1,058.21 |
|   |              |            |                | 1,058.21 |
| 5 | FC0249351-01 | 2003-05-31 | FINANCE CHARGE | 1,093.02 |
|   |              |            |                | 1,093.02 |
| 6 | FC0252200-01 | 2003-06-30 | FINANCE CHARGE | 1,058.21 |
|   |              |            |                | 1,058.21 |
| 7 | FC0254856-01 | 2003-07-31 | FINANCE CHARGE | 1,093.02 |
|   |              |            |                | 1,093.02 |
| 8 | FC0257443-01 | 2003-08-31 | FINANCE CHARGE | 1,093.02 |
|   |              |            |                | 1,093.02 |
| 9 | FC0259998-01 | 2003-09-30 | FINANCE CHARGE | 1,058.21 |
|   |              |            |                | 1,058.21 |
| 10 | FC0262540-01 | 2003-10-31 | FINANCE CHARGE | 1,093.02 |

FROM:   ROBERT KOLATAC
CENDANT HOTEL GROUP, INC.
1 SYLVAN WAY
PARSIPPANY, NJ 07054
PH:(973)496-5457                    RETURN FAX:(973)496-7030

ATTENTION:                                    FAX:

ITEMIZED STATEMENT                            PAGE 10
FOR RAM   #7963-89888 - Springfield-South, IL
AS OF 2005-11-08

| MONTH | RELATION NBR | ITEM DATE | DESC | AMOUNT DUE | ---- |
|-------|--------------|-----------|------|-----------|------|
| | | | | 1,093.02 | |
| 11 | FC0265123-01 | 2003-11-30 | FINANCE CHARGE | 1,058.21 | |
| | | | | 1,058.21 | |
| 12 | FC0267783-01 | 2003-12-31 | FINANCE CHARGE | 1,093.02 | |
| | | | | 1,093.02 | |
| 1 | FC0270426-01 | 2004-01-31 | FINANCE CHARGE | 1,093.02 | |
| | | | | 1,093.02 | |
| 2 | FC0273289-01 | 2004-02-29 | FINANCE CHARGE | 1,022.64 | |
| | | | | 1,022.64 | |
| 3 | FC0276108-01 | 2004-03-31 | FINANCE CHARGE | 1,093.02 | |
| | | | | 1,093.02 | |
| 4 | FC0278720-01 | 2004-04-30 | FINANCE CHARGE | 1,058.21 | |
| | | | | 1,058.21 | |
| 5 | FC0281300-01 | 2004-05-31 | FINANCE CHARGE | 1,093.02 | |
| | | | | 1,093.02 | |
| 6 | FC0283833-01 | 2004-06-30 | FINANCE CHARGE | 1,058.21 | |
| | | | | 1,058.21 | |
| 7 | FC0286246-01 | 2004-07-31 | FINANCE CHARGE | 1,093.02 | |
| | | | | 1,093.02 | |
| 8 | FC0288527-01 | 2004-08-31 | FINANCE CHARGE | 1,093.02 | |
| | | | | 1,093.02 | |

FROM:  ROBERT KOLATAC
CENDANT HOTEL GROUP, INC.
1 SYLVAN WAY
PARSIPPANY, NJ 07054
PH:(973)496-5457                    RETURN FAX:(973)496-7030

ATTENTION:                                          FAX:

ITEMIZED STATEMENT                                  PAGE 11
FOR RAM    #7963-89888 - Springfield-South, IL
AS OF 2005-11-09

| MONTH | RELATION NBR | ITEM DATE | DESC | AMOUNT DUE |
|-------|--------------|-----------|------|------------|
| 9 | FC0290859-01 | 2004-09-30 | FINANCE CHARGE | 1,058.21 |
| | | | | 1,058.21 |
| 10 | FC0293966-01 | 2004-10-31 | FINANCE CHARGE | 1,093.02 |
| | | | | 1,093.02 |
| 11 | FC0297059-01 | 2004-11-30 | FINANCE CHARGE | 1,058.21 |
| | | | | 1,058.21 |
| 12 | FC0300296-01 | 2004-12-31 | FINANCE CHARGE | 1,093.02 |
| | | | | 1,093.02 |
| 1 | FC0303562-01 | 2005-01-31 | FINANCE CHARGE | 1,093.02 |
| | | | | 1,093.02 |
| 2 | FC0306962-01 | 2005-02-28 | FINANCE CHARGE | 987.92 |
| | | | | 987.92 |
| 3 | FC0310199-01 | 2005-03-31 | FINANCE CHARGE | 1,093.02 |
| | | | | 1,093.02 |
| 4 | FC0313450-01 | 2005-04-30 | FINANCE CHARGE | 1,068.39 |
| | | | | 1,068.39 |
| 5 | FC0317078-01 | 2005-05-31 | FINANCE CHARGE | 1,092.34 |
| | | | | 1,092.34 |
| 6 | FC0320687-01 | 2005-06-30 | FINANCE CHARGE | 1,057.53 |
| | | | | 1,057.53 |
| 7 | FC0324199-01 | 2005-07-31 | FINANCE CHARGE | 1,092.34 |
| | | | | 1,092.34 |

FROM: ROBERT KOLATAC
CENDANT HOTEL GROUP, INC.
1 SYLVAN WAY
PARSIPPANY, NJ 07054
PH:(973)496-5457                    RETURN FAX:(973)496-7030

ATTENTION:                                          FAX:

ITEMIZED STATEMENT                                  PAGE 12
FOR RAM    #7963-89888 - Springfield-South, IL
AS OF 2005-11-08

| MONTH | RELATION NBR | ITEM DATE | DESC | AMOUNT DUE | |
|-------|-------------|-----------|------|-----------|---|
| 8 | FC0327808-01 | 2005-08-31 | FINANCE CHARGE | 1,092.34 | |
|   |              |            |                | 1,092.34 | |
| 9 | FC0331378-01 | 2005-09-30 | FINANCE CHARGE | 1,074.53 | |
|   |              |            |                | 1,074.53 | |
| 10 | FC0335283-01 | 2005-10-31 | FINANCE CHARGE | 1,109.44 | |
|    |             |            |                | 1,109.44 | |

===================
140,901.82

FROM:  ROBERT KOLATAC
CENDANT HOTEL GROUP, INC.
1 SYLVAN WAY
PARSIPPANY, NJ 07054
PH:(973)496-5457                    RETURN FAX:(973)496-7030

# EXHIBIT B

# PROMISSORY NOTE

$15,000.00

Parsippany, New Jersey
Date: 8/14/01
Unit #: 7963

FOR VALUE RECEIVED, the undersigned **SHREE OHM, INC.** an **Illinois Corporation, Raj Jhala** (collectively "Maker") jointly and severally promise to pay to the order of **RAMADA FRANCHISE SYSTEMS, INC.**, a **Delaware corporation** ("Holder"), the principal sum of **Fifteen Thousand Dollars ($15,000.00)** which amount shall bear no interest unless Maker defaults or this Note is accelerated. The principal amount will be due and payable on October 15, 2001, or deemed discharged if the Facility achieves a Quality Assurance score of 425 or higher on or before October 1, 2001. If this Note is not paid within ten (10) days after it is due, the outstanding principal balance shall bear simple interest at a rate equal to the lesser of eighteen (18%) percent per annum or the highest rate allowed by applicable law from its due date until paid. The outstanding principal balance of this Note shall be payable in lawful money of the United States of America at 1 Sylvan Way, Parsippany, New Jersey 07054, or at such other place as Holder may direct by written notice to Maker.

If a Termination of the License Agreement or the License granted under the License Agreement between Maker and Holder occurs for any reason, or Maker defaults under the License Agreement and fails to cure the default within the time permitted under the License Agreement, if any, or any other event occurs which permits Holder to terminate the License or the License Agreement as provided in Section 11.2, or a Transfer occurs, the outstanding principal balance of this Note shall be immediately due and payable without further notice, demand or presentment. Any payments shall be first applied to any accrued interest and then to principal. Maker has the right to prepay this Note, in whole or in part, at any time, without premium or penalty. Prepayments of principal will be applied without notation on this Note.

This Note is issued pursuant to the License Agreement between Holder and Maker for a Ramada System facility (the "Facility") located at **625 East St. Joseph Street, Springfield, IL 62701** All terms not defined herein shall have the same definition as in the License Agreement. Maker's obligation to pay this Note shall be absolute and unconditional, and all payments shall be made without setoff, deduction, offset, recoupment or counterclaim.

If this Note is collected by or through an attorney at law, the Holder shall be entitled to collect reasonable attorney's fees and all costs of collection. This Note is issued in and shall be governed and construed according to the laws of the State of New Jersey (without the application of conflict of laws principles). Each maker, endorser, guarantor or accommodation party liable for this Note waives presentment, demand, notice of demand, protest, notice of non-payment, notice of protest, notice of dishonor, and diligence in collection. Holder reserves the right to modify the terms of this instrument, grant extensions, novations, renewals, releases, discharges, compositions and compromises with any party liable under this Note, with or without any notice to or the consent of, and without discharging or affecting the obligations of any other party liable under this Note. The terms "Holder" and "Maker" shall be deemed to include their respective heirs, successors, legal representatives and assigns, whether by voluntary action of the parties or by operation of law. All references to "Maker" shall mean and include the named Maker and all co-makers, guarantors, sureties and accommodation parties signing or endorsing this Note, each of whom shall be jointly, severally and primarily liable as the maker of this Note.

IN WITNESS WHEREOF, the undersigned have executed this instrument effective as of the date first above written.

WITNESS:

MAKER:
SHREE OHM, INC.

_Jeanne Castillo_

Raj Jhala
President

CO-MAKER:

Raj Jhala, individually

# EXHIBIT C

```
FI44     114  1    0      FRANCHISE INFORMATION SYSTEM            06/09/05
5A2Y     FASRAK            PROPERTY SUMMARY OF ROYALTIES           13:58:55

                                                CHAIN: RAM    PROPERTY: 07963
SITE:     7963 Springfield-South
ENTITY:   89888 Shri Ohm Corporation
FROM:     10 / 2000   TO:   09 / 2001

YR   MO      ROOM       ADV
00   10     1,630     1,834
00   11     1,179     1,327
00   12       629       708
01    1       811       913
01    2       999     1,124
01    3     1,753     1,972
01    4     1,922     2,162
01    5     2,050     2,306
01    6     2,131     2,398
01    7     2,265     2,548
01    8     2,576     2,898
01    9     1,688     1,899
TOTAL      19,633    22,089

PF         3:EXIT 5:PREV 6:NEXT 7:BWD 8:FWD 10:LEFT 11:RIGHT 12:CAN  CMD: ___
```

```
FI44      114  1    1          FRANCHISE INFORMATION SYSTEM              06/09/05
5A2Y      FASRAK                PROPERTY SUMMARY OF ROYALTIES            13:58:57

SITE:     7963 Springfield-South              CHAIN: RAM      PROPERTY: 07963
ENTITY:   89888 Shri Ohm Corporation
FROM:     10 / 2001    TO:  09 / 2002

YR  MO     ROOM         ADV
01  10     2,260        2,542
01  11     1,399        1,574
01  12       683          769
02   1       698          785
02   2     1,166        1,312
02   3     1,332        1,499
02   4     1,706        1,919
02   5     1,847        2,078
02   6
02   7
02   8
02   9
TOTAL     11,091       12,478


PF        3:EXIT 5:PREV 6:NEXT 7:BWD 8:FWD 10:LEFT 11:RIGHT 12:CAN  CMD: ___
```