E-FILED
Friday, 11 November, 2005  11:23:32 AM
Clerk, U.S. District Court, ILCD

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| RAMADA FRANCHISE SYSTEMS, INC., a Delaware corporation, </br></br> Plaintiff, </br></br> v. </br></br> SHRI OHM CORPORATION., d/b/a SHREE OHM, INC., an Illinois corporation, JAY VIDYALANKAR, SHARAD DESAI, PAUL FEMMER, and RAJEN JHALA, individuals, </br></br> Defendants. | Case No. 3:04-cv-3248 </br></br> Hon. Joan B. Gottschall </br></br> Mag. Byron G. Cudmore |

### PLAINTIFFS'S REQUEST FOR ADMISSION
### DIRECTED TO DEFENDANT SHARAD DESAI

Plaintiff Ramada Franchise Systems, Inc., now known as Ramada Worldwide Inc. ("RFS"), by and through its undersigned counsel and pursuant to Rule 36 of the Federal Rules of Civil Procedure, hereby requests that defendant Sharad Desai admit each of the following Requests within 30 days:

### DEFINITIONS AND INSTRUCTIONS

A.  "Shri Ohm" referes to Shri Ohm Corporation d/b/a/ Shree Ohm, Inc.

B.  "Shree" refers to Shree Ohm, Inc.

C.  "You," "your" or "Desai" refers to Sharad Desai.

D.  "RFS" refers to plaintiff Ramada Franchise System, now known as Ramada Worldwide Inc.

E.  "The License Agreement" refers to the January 12, 1996 License Agreement between RFS and Shree Ohm for the operation of a 120-room guest lodging facility for a 15-year term, a copy of which attached hereto as Exhibit A.

F.  "Assignment and Assumption Agreement" refers to the February 9, 2000, Assignment and Assumption Agreement between Shree and RFS, whereby the License

Agreement was assigned from Shree to Shri Ohm, as Licensee, a copy of which is attached hereto as Exhibit B.

G. "January 12, 1996 Guaranty" refers to a Guaranty of Shree's obligations under the License Agreement provided to RFS by Desai and others, attached hereto as Exhibit C.

H. "February 9, 2000 Guaranty" refers to a Guaranty of Shri Ohm's obligation under License Agreement and Assignment and Assumption Agreement provided to RFS by Jhala.

I. "Facility" refers to the guest lodging facility located at 625 E. St. Joseph Street, Springfield, Illinois 62701, designated as Site No. 7963.

J. "Recurring Fees" refers to fees due to RFS under the License Agreement for royalties, service assessments, taxes, interest, reservation system user fees, annual conference fees, and other fees.

K. If you object to any request, state with specificity the reason for such objection. The answer must specifically deny the matter or state with particularity why you cannot truthfully admit or deny the matter.

L. If a denial is made, your denial must fairly meet the substance of the request for admission.

M. When good faith requires that you qualify your answer or deny only a part of the matter of which an admission is requested, you shall specify which part is true and qualify or deny the remainder.

N. You may not give lack of information or knowledge as a response unless you can state that you have made a reasonable inquiry, and that the information known or readily obtainable by you is insufficient to enable you to admit or deny.

## REQUESTS

Please admit each of the following statements as true:

1. On or about January 12, 1996, Shree entered into a License Agreement with RFS for the operation of the Facility.

2. Exhibit A hereto is a true and correct copy of the License Agreement (with the possible exception of the handwriting appearing in the top center of page 1).

3. The License Agreement attached as Exhibit A is a valid and binding contract.

4. On or about February 9, 2000, Shri Ohm entered into an Assignment and Assumption Agreement with Shree and RFS.

5. Exhibit B is a true and correct copy of the Assignment and Assumption Agreement.

6. Exhibit B is a valid and binding contract.

7. Section 2 of the Assignment and Assumption Agreement states, in part, "The Assignor shall remain secondarily liable for payment and performance of the Agreement."

8. Section 3.4 of the License Agreement states, in part, Shri Ohm "will operate and maintain the Facility continuously after the Opening Date on a year-round basis as required by System Standards . . . ."

9. Section 4.8 of the License Agreement states, in part, RFS has "unlimited right to conduct unannounced quality assurance inspections of the Facility and its operations, records, and Mark usage to test the Facility's compliance with System Standards and this Agreement . . . ."

10. Section 3.9 of the License Agreement states, in part, Shri Ohm "will prepare and submit timely monthly reports containing the information we require about the Facility's performance during the preceding month."

11. Section 3.9 of the License Agreement states, in part, Shri Ohm "will maintain accounting books and records in accordance with generally accepted accounting principles . . . ."

12. Desai provided RFS with a Guaranty of Shree's obligations under the License Agreement on or about January 12, 1996.

13. Desai, Vidyalankar and Femmer provided RFS with a Guaranty of Shree's obligations under the License Agreement.

14. Exhibit C is a true and correct copy of the Guaranty Desai provided to RFS.

15. Desai's signature appears on Exhibit C, above the printed words "SHARAD DESAI."

16. Desai signed the document attached as Exhibit C.

17. On or about July 24, 2001, RFS conducted a quality assurance ("QA") inspection of the Facility.

18. The Facility received a score of 336 in the July 24, 2001 QA inspection of the Facility.

19. Desai received a letter dated August 20, 2001 from RFS, stating that the Facility had received a failing score in the QA inspection.

20. Desai received the letter dated August 20, 2001 attached hereto as Exhibit D, (with the possible exception of the delivery notation at the bottom of page 1).

21. On or about October 1, 2002, Shri Ohm ceased operating the Facility as a Ramada guest lodging facility.

22. In October 2002, Shri Ohm stopped operating the Facility as a Ramada guest lodging facility.

23. In the fall of 2002, Shri Ohm lost possession of the Facility to its lender.

24. In the fall of 2002, the Facility ceased operating as a "Ramada."

25. The License Agreement was terminated effective October 1, 2002.

Dated: March 1, 2005

RAMADA WORLDWIDE INC.

By: _____
One of its Attorneys

Paula J. Morency
Robin M. Spencer
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, Illinois 60606
Phone: (312) 258-5500
Facsimile: (312) 258-5700

## CERTIFICATE OF SERVICE

I, Robin M. Spencer, an attorney, hereby certify that a true and correct copy of the foregoing document, **PLAINTIFF'S REQUEST FOR ADMISSION DIRECTED TO SHARAD DESAI,** was served via Federal Express this 1st day of March, 2005, upon the following:

Mr. Paul Femmer
1616 Wildhorse Parkway
Chesterfield, Missouri 63005

Mr. Sharad Desai
8 Dubridge Court
Glen Carbon, Illinois 62034-1564

Robin M. Spencer

CH2\ 1200031.2

# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| RAMADA FRANCHISE SYSTEMS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHRI OHM CORPORATION., d/b/a SHREE OHM, INC., an Illinois corporation, JAY VIDYALANKAR, SHARAD DESAI, PAUL FEMMER, and RAJEN JHALA, individuals,<br><br>Defendants. | Case No. 3:04-cv-3248<br><br>Hon. Joan B. Gottschall<br><br>Mag. Byron G. Cudmore |

### PLAINTIFF'S REQUEST FOR ADMISSION DIRECTED TO DEFENDANT PAUL FEMMER

Plaintiff Ramada Franchise Systems, Inc., now known as Ramada Worldwide Inc. ("RFS"), by and through its undersigned counsel and pursuant to Rule 36 of the Federal Rules of Civil Procedure, hereby requests that defendant Paul Femmer admit each of the following Requests within 30 days:

### DEFINITIONS AND INSTRUCTIONS

A. Shri Ohm" refers to Defendant Shri Ohm Corporation d/b/a Shree Ohm, Inc.

B. "Shree" refers to Shree Ohm, Inc.

C. "You," "your" or "Femmer" refers to Paul Femmer.

D. "RFS" refers to plaintiff Ramada Franchise System, now known as Ramada Worldwide Inc.

E. "The License Agreement" refers to the January 12, 1996 License Agreement between RFS and Shree Ohm for the operation of a 120-room guest lodging facility for a 15-year term, a copy of which is attached hereto as Exhibit A.

F. "Assignment and Assumption Agreement" refers to the February 9, 2000, Assignment and Assumption Agreement between Shree and RFS, whereby the License

Agreement was assigned from Shree to Shri Ohm, as Licensee, a copy of which is attached hereto as Exhibit B.

G. "January 12, 1996 Guaranty" refers to a Guaranty of Shree's obligations under the License Agreement provided to RFS, a copy of which is attached hereto as Exhibit C.

H. "February 9, 2000 Guaranty" refers to a Guaranty of Shri Ohm's obligation under License Agreement and Assignment and Assumption Agreement provided to RFS by Jhala.

I. "Facility" refers to the guest lodging facility located at 625 E. St. Joseph Street, Springfield, Illinois 62701, designated as Site No. 7963.

J. "Recurring fees" refers to fees due to RFS under the License Agreement for royalties, service assessments, taxes, interest, reservation system user fees, annual conference fees, and other fees.

K. If you object to any request, state with specificity the reason for such objection. The answer must specifically deny the matter or state with particularity why you cannot truthfully admit or deny the matter.

L. If a denial is made, such denial must fairly meet the substance of the request for admission.

M. When good faith requires that you qualify your answer or deny only a part of the matter of which an admission is requested, you shall specify which part is true and qualify or deny the remainder.

N. You may not give lack of information or knowledge as a response unless you can state that you have made a reasonable inquiry, and that the information known or readily obtainable by you is insufficient to enable you to admit or deny.

### REQUESTS

Please admit each of the following statements as true:

1. On or about January 12, 1996, Shree entered into a License Agreement with RFS for the operation of the Facility.

2. Exhibit A hereto is a true and correct copy of the License Agreement (with the possible exception of the handwriting appearing in the top center of page 1).

3. The License Agreement attached as Exhibit A is a valid and binding contract.

4. On or about February 9, 2000, Shri Ohm entered into an Assignment and Assumption Agreement with Shree and RFS.

5. Exhibit B is a true and correct copy of the Assignment and Assumption Agreement.

6. Exhibit B is a valid and binding contract.

7. Section 2 of the Assignment and Assumption Agreement states, in part, "The Assignor shall remain secondarily liable for payment and performance of the Agreement."

8. Section 3.4 of the License Agreement states, in part, Shri Ohm "will operate and maintain the Facility continuously after the Opening Date on a year-round basis as required by System Standards . . . ."

9. Section 4.8 of the License Agreement states, in part, RFS has "unlimited right to conduct unannounced quality assurance inspections of the Facility and its operations, records, and Mark usage to test the Facility's compliance with System Standards and this Agreement . . . ."

10. Section 3.9 of the License Agreement states, in part, Shri Ohm "will prepare and submit timely monthly reports containing the information we require about the Facility's performance during the preceding month."

11. Section 3.9 of the License Agreement states, in part, Shri Ohm "will maintain accounting books and records in accordance with generally accepted accounting principles . . . ."

12. Femmer provided RFS with a Guaranty of Shree's obligations under the License Agreement on or about January 12, 1996.

13. Desai, Vidyalankar and Femmer provided RFS with a Guaranty of Shree's obligations under the License Agreement.

14. Exhibit C is a true and correct copy of the Guaranty Desai provided to RFS.

15. Femmer's signature appears on Exhibit C, above the printed words "PAUL FEMMER."

16. Femmer signed the document attached as Exhibit C.

17. On or about July 24, 2001, RFS conducted a quality assurance ("QA") inspection of the Facility.

18. The Facility received a score of 336 in the July 24, 2001 QA inspection of the Facility.

19. Femmer received a letter dated August 20, 2001 from RFS, stating that the Facility had received a failing score in the QA inspection.

20. Femmer received the letter dated August 20, 2001 attached hereto as Exhibit D, (with the possible exception of the delivery notation at the bottom of page 1).

21. On or about October 1, 2002, Shri Ohm ceased operating the Facility as a Ramada guest lodging facility.

22. In October 2002, Shri Ohm stopped operating the Facility as a Ramada guest lodging facility.

23. In the fall of 2002, Shri Ohm lost possession of the Facility to its lender.

24. In the fall of 2002, the Facility ceased operating as a "Ramada."

25. The License Agreement was terminated effective October 1, 2002.

Dated: March 1, 2005

                            RAMADA WORLDWIDE INC.

                            By: _____
                                   One of its Attorneys

Paula J. Morency
Robin M. Spencer
Keely V. Lewis
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, Illinois 60606
Phone: (312) 258-5500
Facsimile: (312) 258-5700

## CERTIFICATE OF SERVICE

I, Robin M. Spencer, an attorney, hereby certify that a true and correct copy of the foregoing document, **PLAINTIFF'S REQUEST FOR ADMISSION DIRECTED TO PAUL FEMMER,** was served via Federal Express this 1st day of March, 2005, upon the following:

Mr. Paul Femmer
1616 Wildhorse Parkway
Chesterfield, Missouri 63005

Mr. Sharad Desai
8 Dubridge Court
Glen Carbon, Illinois 62034-1564

_____
Robin M. Spencer

CH2\ 1200033.2