IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| RAMADA FRANCHISE SYSTEMS, INC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 04-3248 ) |
| SHRI OHM CORPORATION, d/b/a SHREE OHM, INC., et al., | ) ) ) |
| Defendants. | ) ) |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiff Ramada Franchise Inc.'s Motion for Summary Judgment against Defendants Sharad Desai and Paul Femmer (d/e 28). Plaintiff brought this diversity action, alleging that Defendants failed to comply with their contractual obligations to Plaintiff under a License Agreement, an Assignment and Assumption Agreement, and two Guaranty Agreements. On May 31, 2005, this Court granted Plaintiff's request for default judgment against Defendants Rajen Jhala, Shri Ohm Corporation, d/b/a Shree Ohm, Inc. (Shri Ohm), and Jay Vidyalankar. Plaintiff now seeks summary judgment against the remaining Defendants

Sharad Desai and Paul Femmer.  For the reasons set forth below, Plaintiff's Motion for Summary Judgment is allowed.

BACKGROUND

On January 12, 1996, Plaintiff entered into a License Agreement with Shree Ohm, Inc. (Shree Ohm) for the operation of a 120-room hotel in Springfield, Illinois (the Facility) for a fifteen-year term.  <u>Memorandum in Support of Plaintiff's Motion for Summary Judgment against Individual Defendants Sharad Desai and Paul Femmer (d/e 29)</u> (Plaintiff's Memorandum), Ex. 1, <u>License Agreement</u>.  Also on January 12, 1996, Vidyalankar, Desai, and Femmer entered into a Guaranty in which they jointly and severally personally guaranteed Shree Ohm's obligations under the License Agreement.  <u>Id.</u>, Ex. 2, <u>Guaranty</u> (January 1996 Guaranty).

On February 9, 2000, Plaintiff and Shree Ohm entered into an Assignment and Assumption Agreement with Shri Ohm, whereby Shree Ohm's rights and obligations under the License Agreement were assigned to Shri Ohm. <u>Plaintiff's Memorandum</u>, Ex. 3, <u>Assignment and Assumption Agreement</u> (Assignment).  Under the Assignment, Shree Ohm remained secondarily liable for Shri Ohm's payment and performance.  <u>Id.</u>, ¶ 2. Beginning in 2000, Shri Ohm repeatedly failed to operate the Facility in

2

accordance with Plaintiff's System Standards as required under the License Agreement and to meet its monetary obligations. In mid-August 2002, Plaintiff learned that Shri Ohm had failed to pay the electric bill for the Facility and had ceased operating the Facility when its electricity was shut off. Shri Ohm subsequently lost possession of the hotel to its lender.

Plaintiff filed its Complaint (d/e 1) on November 12, 2004, alleging that Defendants failed to comply with their contractual obligations to Plaintiff under the License Agreement, the Assignment, the January 1996 Guaranty, and a February 2000 Guaranty not at issue in the present Motion. Plaintiff is a Delaware corporation with its principal place of business in New Jersey. Shri Ohm is a dissolved Illinois corporation, which, prior to its dissolution, maintained a principal place of business in Illinois. Defendants Jhala and Femmer are individuals and citizens of Missouri. Defendant Vidyalankar is an individual and citizen of Florida. Defendant Desai is an individual and citizen of Illinois. The amount in controversy exceeds $75,000.00; thus, this Court has jurisdiction under 28 U.S.C. § 1332. Defendants Desai and Femmer filed Answers to the Complaint; the remaining Defendants did not. See Answer by Defendant Femmer (d/e 14); Answer by Defendant Desai (d/e 15). On May 31, 2005, this Court granted

Plaintiff's request for default judgment against Defendants Jhala, Shri Ohm, and Vidyalankar. Plaintiff now seeks summary judgment against Desai and Femmer.

Plaintiff filed its Motion for Summary Judgment on November 11, 2005. Desai and Femmer had 21 days to file a response in opposition to the Motion. Local Rule 7.1(D)(2). They failed to do so. By Text Order dated December 13, 2005, this Court extended Desai and Femmer's deadline to respond to December 30, 2005, cautioning Desai and Femmer that the Court would proceed to rule on the Motion after that date. Desai and Femmer again failed to respond.

## ANALYSIS

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Count V of the Complaint alleges breach of contract by Desai and Femmer based on the January 1996 Guaranty. Under the January 1996 Guaranty, Desai and Femmer personally guaranteed Shree Ohm's obligations under the License Agreement beginning January 12,

1996.  <u>January 1996 Guaranty</u>.  Under the Assignment, Shree Ohm remained secondarily liable for Shri Ohm's payment and performance after February 9, 2000.  <u>Assignment</u>, ¶ 2.  Desai and Femmer, as guarantors of Shree Ohm, are therefore personally liable for Shree Ohm and Shri Ohm's obligations under the License Agreement from January 1996, forward.  The undisputed facts show that Shree Ohm and Shri Ohm failed to meet the obligations of the License Agreement.  Summary judgment in favor of Plaintiff against Desai and Femmer is, therefore, appropriate, and the Court turns to the question of damages.

    Plaintiff seeks an award in its favor against Femmer and Desai, jointly and severally, of: (1) recurring fees with interest, (2) liquidated damages with interest, and (3) attorneys' fees and costs.  As an initial matter, the Court notes that its award against Femmer and Desai will be ordered to be paid jointly and severally with the amounts previously ordered to be paid by the defaulted Defendants Jhala, Shri Ohm, and Vidyalankar.  <u>See</u> <u>Opinion, July 12, 2005 (d/e 27)</u>.  The Court addresses each category of damages requested in turn.

    A.    <u>Recurring Fees with Interest</u>

Under the License Agreement, Shree Ohm and later Shri Ohm were

required to pay Plaintiff certain "recurring fees," including royalties, Ramada Inn National Association (RINA) service assessments, and taxes, as well as interest at a rate of 1.5% monthly on any past due amount. License Agreement, § 7. Plaintiff seeks $140,901.82 in past due recurring fees and interest from Desai and Femmer. This amount was calculated using an itemized statement of outstanding fees for the Springfield hotel prepared by Ramada's Finance Department for the period from October 30, 1999, to October 31, 2005. See Plaintiff's Memorandum, Ex. 4, Affidavit of Kathy Cox dated November 10, 2005 (Cox Affidavit), ¶¶ 48-53 & Ex. A. Plaintiff limits its fee request to fees accrued through October 2002, the month the License Agreement was terminated.[1] From that point, the only additions on the statement are for accrued interest, as allowed under the License Agreement. See License Agreement, § 7.3. Based on the evidence presented, the Court finds that Plaintiff is entitled to an award of $140,901.82 in past due recurring fees and interest from Desai and Femmer, jointly and severally.[2] This amount is awarded jointly and

---

[1] As discussed in § B, the License Agreement provides for liquidated damages in place of any claims Plaintiff may have for lost future recurring fees. License Agreement, ¶ 12.1.

[2] The Court notes that the August 16, 2002, charge of $300.00 for "Q/A Reinspection" does not fall squarely under the License Agreement definitions of recurring

6

severally with the amounts ordered for Defendants Shri Ohm, Jhala, and Vidyalankar.

B. <u>Liquidated Damages with Interest</u>

The License Agreement addresses liquidated damages in §§ 12 and 18. Under ¶ 12.1 of the License Agreement, Shri Ohm agrees to pay Plaintiff liquidated damages in the event of a termination by Shri Ohm that is not the result of a casualty or condemnation or an uncured default by Plaintiff. The liquidated damages are in lieu of claims Plaintiff may have for lost future recurring fees. <u>License Agreement</u>, ¶ 12.1. The License Agreement sets out a formula for calculating the liquidated damages. <u>Id</u>. Under ¶ 12.1, Plaintiff would be entitled to liquidated damages in an amount equal to the sum of accrued royalties and RINA service assessment fees for the 24 months immediately preceding termination. <u>Id</u>. The parties entered into a special stipulation under ¶ 18.4 which limited liquidated damages to $1,000.00 for each guest room of the hotel. <u>Id.</u>, ¶ 18.4. The Springfield hotel had 120 authorized guest rooms. <u>Cox Affidavit</u>, ¶ 20.

Plaintiff seeks $83,691.00 in liquidated damages, plus interest in the

---

fees. Plaintiff, however, is entitled to recover this amount under § 3.8 of the License Agreement.

amount of $45,193.14. The evidence supports a finding of $83,691.00 in accrued royalties and RINA service assessment fees for the 24 months immediately preceding termination. See Cox Affidavit, ¶¶ 69-73 & Exs. A & C. This amount does not exceed the $120,000.00 cap on liquidated damages set out in § 18.4 of the License Agreement, and the Court thus awards $83,691.00 in liquidated damages.

Plaintiff's Motion also seeks $45,193.14 in interest on the liquidated damages. Interest on liquidated damages is allowed under § 7.3 of the License Agreement at the rate of 1.5% per month from the date liquidated damages were requested from Shri Ohm, here October 16, 2002. See Motion for Summary Judgment, Ex. 10. The amount sought by Plaintiff, $45,193.14, is equal to interest on $83,691.00 at the agreed-upon rate for three years beginning in October 2002. The Court finds the amount to be supported by the evidence and allows it. Thus, the Court awards Plaintiff $83,691.00 in liquidated damages, plus interest in the amount of $45,193.14 from Desai and Femmer to be paid jointly and severally with the amounts ordered for Defendants Shri Ohm, Jhala, and Vidyalankar.

C.     Attorneys' Fees and Costs

Under the License Agreement, in the event of legal action, "[t]he non-

prevailing party will pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this Agreement or collect amounts owed under this Agreement." License Agreement, ¶ 17.4. The Court finds that Plaintiff is entitled to an award of attorneys' fees and costs from Desai and Femmer. Plaintiff is directed to file a separate request for attorneys' fees and bill of costs as set forth in Local Rule 54.1.

THEREFORE, Plaintiff's Motion for Summary Judgment against Defendants Sharad Desai and Paul Femmer (d/e 28) is ALLOWED. The Court enters judgment in favor of Plaintiff as follows: Defendants Desai and Femmer, jointly and severally, are ordered to pay $140,901.82 in past due recurring fees and interest and $128,884.14 in liquidated damages and interest. Plaintiff is also awarded its attorneys' fees and costs. All of these amounts are to be paid jointly and severally with the amounts that the Court has ordered to be paid by defaulted Defendants Jhala, Shri Ohm, and Vidyalankar. See Opinion, July 12, 2005 (d/e 27). All pending motions are denied as moot.

IT IS THEREFORE SO ORDERED.

9

ENTER: January 10, 2006.

FOR THE COURT:

s/ Jeanne E. Scott<br>
JEANNE E. SCOTT<br>
UNITED STATES DISTRICT JUDGE